**LEASEWAY TRANSPORTATION LEASING CORPORATION, Plaintiff,**

v.

**BERRY INDUSTRIES OF GEORGIA, INC., Berry Industries, Inc., d/b/a Big Company Berry Furniture, Inc., Defendants.**

**Civ. A. No. C83–2147A.**

United States District Court, N.D. Georgia, Atlanta Division.

March 14, 1984.

J. Christopher Simpson, Atlanta, Ga., for plaintiff.

Hine & Carroll, P.C., John E. Niedrach, Rome, Ga., Leitman, Seigal & Payne, An-

drew P. Campbell, Birmingham, Ala., for defendants.

## ORDER

FORRESTER, District Judge.

This breach of contract action, brought to this court pursuant to 28 U.S.C. § 1332, is before this court on motions by defendants to stay or to transfer from the Atlanta Division to the Rome Division. For the reasons set forth below, the motion to stay shall be granted.

On August 19, 1983, Berry Industries, Inc. ("Berry Industries") filed a lawsuit against several defendants including Leaseway Transportation Leasing Corporation ("Leaseway Transportation") in the Circuit Court for Winston County, Alabama. This Alabama state court action is for a declaratory judgment where Berry Industries seeks, *inter alia*, a declaration that it is not liable for any wrongful conduct under an alleged lease between it and Leaseway Transportation. Specifically, this complaint for declaratory judgment filed in the Alabama state court avers the following. Leaseway Transportation and Berry Industries entered into a vehicle lease agreement on April 12, 1982. Leaseway Transportation contends that Berry Industries owes it monies pursuant to the lease agreement for items such as mileage guarantees, fuel, and taxes. Berry Industries contends that it never agreed to any alleged mileage guarantee and that Leaseway Transportation is responsible for fuel and taxes. In this declaratory judgment action, two other defendants are being sued along with Leaseway Transportation, BIGT, Inc., and William Guyton. According to the complaint for declaratory judgment, they were hired as independent contractors by Berry Industries; Berry Industries made payment to these two defendants who were, in turn, "supposed to pay Leaseway." Berry Industries avers that in October of 1982, it discontinued operations at Rome, Georgia, "which afforded it the right to terminate the alleged lease, by its terms, and said termination occurred on or shortly after this time." Berry Industries thereby alleges: "Nevertheless, Leaseway is attempting to charge plaintiff [Berry Industries] for items and matters substantially subsequent to said termination."

Less than two months later, on October 4, 1983, Leaseway Transportation filed in this court a lawsuit against Berry Industries, Berry Industries of Georgia, Inc., and Berry Furniture, Inc. As previously noted, plaintiff alleges subject matter jurisdiction in this court pursuant to the diversity statute. Plaintiff's theory is breach of contract; no federal issues are presented.

In the instant lawsuit, plaintiff Leaseway Transportation avers the following operative facts. On April 12, 1982, Leaseway Transportation and Berry Industries entered into a vehicle lease and service agreement. Complaint ¶ 7. On October 13, 1982, Leaseway Transportation notified Berry Industries of an increase in rates for the remaining balance of the contract year due to the rise of the consumer price index as called for in a specified paragraph of the contract between the parties. *Id.*, ¶ 10. On October 20, 1982, Leaseway Transportation received a letter from Berry Industries purporting to terminate the lease contract. *Id.* ¶ 11. At some point in October of 1982, Leaseway Transportation was advised that Berry Furniture, Inc., would assume liabilities in the lease agreement. *Id.* ¶ 12. At some point in October of 1982, Berry Industries discontinued paying its lease charges to Leaseway Transportation "even though the vehicles were still in use by defendant [Berry Industries] and charges were incurred." *Id.* ¶ 14. On November 2, 1982, Berry Industries assigned its rights to Berry Furniture, Inc.; however, in lieu of executing the assignment, Berry Industries attempted to terminate the lease agreement. *Id.* ¶ 13. On November 29, 1982, Leaseway Transportation declared the lease agreement in default and secured possession of the leased vehicles from Berry Industries.

One species of the doctrine of abstention concerns the issue of whether a federal court should stay or dismiss an action on the sole ground that there is a similar action pending in a state court in which the

controversy can be resolved. This type of abstention is to serve fundamentally the interests of judicial economy: To provide administrative convenience of the federal courts and to avoid duplicative litigation. *See generally* 17 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure,* § 4247 (1978). As a leading treatise states:

> The lower federal courts have shown some dissatisfaction with the possibility that essentially the same litigation may be pursued in federal and state courts simultaneously. This is quite understandable because the interests of judicial administration which inform the federal courts in their regulation of multiple litigation within the federal system are equally applicable to instances in which similar actions are pending in federal and state courts. Indeed, increased case loads throughout the federal system seem to have increased the sensitivity of the federal courts to the potential waste of judicial resources and unfairness to the litigants which may result from duplicative litigation in federal and state courts. Since the federal courts are generally without authority to enjoin state proceedings, the federal courts have of necessity considered but one cure for duplicative litigation: stay or dismissal of the federal action.

1 A *Moore's Federal Practice* ¶ 0.203[4], at 2136 (1983).

These concerns were addressed in the context of the interrelationship of the state and federal courts and the administration of the Federal Declaratory Judgment Acts in 1942 by the Supreme Court in *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). Through Justice Frankfurter, the Court stated:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id.* at 495, 62 S.Ct. at 1175–1176. The significance of these principles was recently noted in *Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), where a plurality of the Supreme Court concluded that where there is duplicative litigation in the state and federal courts, the decision whether or not to defer to the state court is largely committed to the discretion of the district court, even where matters of federal law are involved. *Id.* at 663–64, 98 S.Ct. at 2557–2558.

In this case, no matters of substantive federal law are involved. What this case as well as the Alabama state court action centers around are the rights and liabilities of Leaseway Transportation and Berry Industries to a lease agreement executed on April 12, 1982. No contention is presented that the issues of liability under the lease agreement cannot be decided in the Alabama action or that that action involves materially different issues. It is noted that while Berry Furniture is not a party to the Alabama action, it has filed a motion to intervene and a complaint for intervention in that state action. Although Leaseway Transportation asserts that a stay should not be granted in this action since it is "clearly obvious" that the Alabama state court lacks jurisdiction, such an argument is without merit. Leaseway's argument is apparently based on the state court's lack of *in personam* jurisdiction over it. Such a determination, however, should be made by the Alabama, Winston County, Circuit Court and not by a Federal District Court sitting in Atlanta, Georgia.

Accordingly, since the interests of avoiding duplicative litigation, preserving judicial and party resources, and avoiding friction between state and federal courts are significant, and since this action presents no issues of federal concern, and the state action was filed well before the instant case, the court concludes that the abstention doctrine is applicable.

For the reasons set forth above, the motions to stay by the defendants are

GRANTED. Should this court be advised that the Alabama court determined that it lacks jurisdiction over all the parties, then the stay will be lifted.