BRILLHART, ADMINISTRATOR, *v.* EXCESS INSURANCE COMPANY OF AMERICA.

No. 772.   Argued April 8, 1942.—Decided June 1, 1942.

*Mr. Clarence C. Chilcott* for petitioner.

*Messrs. Dick H. Woods* and *Paul R. Stinson* for respondent.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

The Excess Insurance Company of America, the respondent here, brought this suit for a declaratory judgment to determine its rights under a reinsurance agreement made in 1932 with the Central Mutual Insurance Company of Chicago, Illinois. By that contract the respondent agreed to reimburse Central, within specified limits, for any "ultimate net loss" (defined as "the sum actually paid in cash in settlement of losses") sustained by Central under automobile public liability policies thereafter to be issued. Central undertook to notify the respondent of any accident that might be covered by the reinsurance agreement. In 1934, Central issued a public liability policy to Cooper-Jarrett, Inc. Later in that year, the petitioner's decedent was killed by a truck leased by Cooper-Jarrett, Inc., and suit was brought against the latter in a Missouri state court. Central refused to defend the suit, however, claiming that the policy did not cover the accident.

While the suit was pending, both Central and Cooper-Jarrett, Inc., encountered financial difficulties. By order of an Illinois state court, Central was liquidated and all claims against it barred. Cooper-Jarrett, Inc., filed a petition for reorganization under § 77B in the Missouri federal District Court, and the final decree in that proceeding discharged it from any judgment that had been or might be obtained by the petitioner. Cooper-Jarrett, Inc., having abandoned defense of the suit, the petitioner obtained a default judgment of $20,000 against it on April 22, 1939, and subsequently instituted garnishment proceedings against Central in a Missouri state court. Being unable to recover any part of the judgment from either Cooper-Jarrett, Inc., or Central, the petitioner on May

29, 1940, made the respondent a party to the garnishment proceeding through service on the Missouri superintendent of insurance.

But, in the meantime, the respondent had filed this suit for a declaratory judgment in the federal District Court for Kansas. Its bill showed diversity of the parties' citizenship and the requisite jurisdictional amount. It alleged, *inter alia,* that, when the bill in the federal suit was filed, the respondent was not a party to the garnishment proceeding in the state court; that, in violation of the terms of the reinsurance agreement, Central had never notified the respondent either of the accident resulting in the death of the petitioner's decedent or of the suit brought against Cooper-Jarrett, Inc.; that the respondent's only obligation under the reinsurance agreement was to indemnify Central against loss for sums actually paid in cash in settlement of losses for which Central was liable, and, since Central had never satisfied the claim against Cooper-Jarrett, Inc., the respondent could not be obligated in any way under the reinsurance agreement; that Cooper-Jarrett, Inc., was not liable to the petitioner for the death of his decedent; that, even if it were, Central was obligated to defend the suit, and its failure to do so discharged the respondent of any liability under the reinsurance agreement; that, even if it were originally liable, the discharge of Central and Cooper-Jarrett, Inc., had the effect of releasing the respondent; and that, in any event, the default judgment against Cooper-Jarrett, Inc., had been fraudulently obtained.

The petitioner moved to dismiss the suit, principally on the ground that the issues involved in the suit could now be decided in the garnishment proceeding pending in the Missouri state court. The District Court dismissed the bill, apparently because of a reluctance to prolong the

litigation,[1] without considering whether the claims asserted by the respondent could, under Missouri law, be raised in the pending garnishment proceeding. The Circuit Court of Appeals held that dismissal of the suit was an abuse of discretion, but, instead of remitting the cause for a proper exercise of the District Court's discretion, reversed the judgment with directions that the District Court proceed to a determination on the merits. 121 F. 2d 776. In view of the important question affecting the inter-relationship of the state and federal courts in the administration of the Federal Declaratory Judgments Act, 28 U. S. C. § 400, we brought the case here. 314 U. S. 606.

Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction. The petitioner's motion to dismiss the bill was addressed to the discretion of the court. *Aetna Casualty Co.* v. *Quarles,* 92 F. 2d 321; *Maryland Casualty Co.* v. *Consumers Finance Service,* 101 F. 2d 514; *American Automobile Ins. Co.* v. *Freundt,* 103 F. 2d 613; see Note, 51 Yale L. J. 511. Compare *Canada Malting Co.* v. *Paterson Co.,* 285 U. S. 413, 422–23; *Douglas* v. *New York, N. H. & H. R. Co.,* 279 U. S. 377. The motion rested upon the claim

---

[1] It is difficult to ascertain from the record the precise grounds for the District Court's action. Some light is shed by the following colloquy, which occurred at the conclusion of the argument upon the motion to dismiss the bill:

"The Court: As I understand, the merits of the case with reference to the death of this decedent have never been tried?

"Mr. Woods [counsel for the respondent]: That is correct, and it is almost six years now.

"The Court: Well, I don't think that this court will interfere with that. The case will be dismissed. You may draw a journal showing that after this long lapse of time, after your litigation in Missouri, that this court feels in its discretion that it ought not to interfere with that litigation in any way."

that, since another proceeding was pending in a state court in which all the matters in controversy between the parties could be fully adjudicated, a declaratory judgment in the federal court was unwarranted. The correctness of this claim was certainly relevant in determining whether the District Court should assume jurisdiction and proceed to determine the rights of the parties. Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

Where a District Court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.

We do not now attempt a comprehensive enumeration of what in other cases may be revealed as relevant factors governing the exercise of a District Court's discretion. It is enough that it appears from the record before us that the District Court did not consider whether, under applicable local law, the claims sought to be adjudicated by the respondent in this suit for a declaratory judgment had either been foreclosed by Missouri law or could adequately be tested in the garnishment proceeding pending in the

Missouri state court. This was a matter for determination, certainly in the first instance, by the District Court. Nor did the Circuit Court of Appeals, in reversing the judgment of the District Court, purport to find that under controlling Missouri law the issues set up by the respondent in this suit could not be contested in the pending Missouri proceeding.[2]

Whether and under what circumstances a reinsurer can be reached through a judgment against the insured are questions of local law. Whether the judgment against Cooper-Jarrett, Inc., could serve as a basis for garnishment proceedings against the respondent was therefore a matter of Missouri law. But that issue was never tendered before the Kansas District Court; that court did not profess to pass upon it, and the Circuit Court of Appeals, in reversing the decree of dismissal, shed no light upon it.

If the lower courts had found that under Missouri law the respondent's claims could not adequately be tested in the pending garnishment proceeding, or that Missouri

---

[2] The opinion of the Circuit Court of Appeals contains a single sentence which, if read without reference to its context, might appear to be such a finding: "The issues in the garnishment action could not determine the liability of appellant [the respondent here] under its reinsurance contract." 121 F. 2d at 778. But, as we read its opinion, the court below clearly was referring only to the garnishment action against Central *before* the respondent was joined as a party. Of course, at that time the respondent would have no opportunity to raise in the garnishment proceeding the claims which it asserted in the federal suit for a declaratory judgment. But when the petitioner's motion to dismiss the federal suit was filed, the respondent had been made a party to the garnishment proceeding. And, as its opinion shows, the Circuit Court of Appeals did not find that under Missouri law the claims raised by the respondent in the federal suit, which were governed by Missouri law and were not previously foreclosed by it, could not be adjudicated in the garnishment proceeding after the respondent had been joined as a party.

law on the subject was doubtful, and upon the basis of such a finding had taken jurisdiction of this suit for a declaratory judgment, we would not disturb such a finding. But no such finding can be extracted from this record. And it is not for us to attempt to pronounce independently upon Missouri law. To do so would be to disregard the limitations inherent in our appellate jurisdiction. It is not our function to find our way through a maze of local statutes and decisions on so technical and specialized a subject as the scope of a garnishment proceeding in a particular jurisdiction. For one thing, it is too easy to lose our way. For example, there are numerous decisions of the Supreme Court of Missouri which declare a general principle that the garnishee can assert any defenses in a garnishment proceeding that would be open in a suit brought against him by the judgment debtor. E. g., *Weil* v. *Tyler,* 38 Mo. 545, 547; *McDermott* v. *Donegan,* 44 Mo. 85, 89; *Sheedy* v. *Second National Bank,* 62 Mo. 17, 24. We do not cite these decisions to show that the respondent's claims in this case could adequately be tested in the garnishment proceeding pending in the Missouri state court. For the crux of our ruling is that we should not be called upon to make such a determination in the first instance. But these utterances of the Missouri Supreme Court do serve as a warning that scattered opinions of an intermediate appellate court of a State may convey only doubts and confusion to one inexpert in the law of that State and yet be entirely clear and consistent when placed in the mosaic of the whole law of that State. Compare Mr. Justice Brandeis dissenting in *Railroad Commission* v. *Los Angeles Ry. Corp.,* 280 U. S. 145, 164. We are not concerned here with the burden of proof in establishing facts as to which only the parties to a private litigation are interested. We are concerned rather with the duty of

the federal courts to determine legal issues governing the proper exercise of their jurisdiction.

The cause should be remanded to the District Court in order that it may properly exercise its discretion in passing upon the petitioner's motion to dismiss this suit.

*Reversed.*

MR. JUSTICE DOUGLAS, concurring:

If we had here only the question as to whether the issues framed by respondent in this suit could be litigated in the statutory garnishment proceeding in Missouri, I would agree with the views expressed by the CHIEF JUSTICE. But there is the further, and for me the controlling, question whether, as stated by the majority, the claims raised by respondent had been "previously foreclosed" under Missouri law. It is a fair inference from this record that respondent, like Central, received notice and had an opportunity to defend the suit brought against Cooper-Jarrett, although all of the attendant circumstances do not clearly appear. Under Missouri law the general rule seems to be that notice and opportunity to defend binds the reinsurer on judgments against the reassured. See e. g. *Strong* v. *Phoenix Ins. Co.*, 62 Mo. 289; *Gantt* v. *American Central Ins. Co.*, 68 Mo. 503; *City of St. Joseph* v. *Union Ry. Co.*, 116 Mo. 636, 643, 22 S. W. 794; *Finkle* v. *Western Auto. Ins. Co.*, 224 Mo. App. 285, 300, 26 S. W. 2d 843. By statute (6 Mo. Stat. Ann. §§ 5898, 5899) the liability of the insurance company becomes absolute when loss occurs; and judgment against the insured establishes privity between the injured party and the insurer. See *Schott* v. *Auto Ins. Underwriters*, 326 Mo. 92, 31 S. W. 2d 7; *Lajoie* v. *Central West Casualty Co.*, 228 Mo. App. 701, 71 S. W. 2d 803; *Taverno* v. *American Auto Ins. Co.*, 232 Mo. App. 820, 112 S. W. 2d 941. The problem is whether by reason of the insurer's liability under the policy and the statute, and

respondent's liability under its reinsurance contract (see e. g. *Homan* v. *Employers Reinsurance Corp.,* 345 Mo. 650, 136 S. W. 2d 289), notice and opportunity to defend the earlier suit were sufficient (*Schott* v. *Auto Ins. Underwriters, supra*) to bind respondent as reinsurer. Respondent's charges of fraud center on the adequacy of the notice which it received and the failure of the insured and the insurer to defend. That seems to be but one phase of the question whether under Missouri law respondent was bound by the judgment in the earlier suit.

The exercise of jurisdiction under the Federal Declaratory Judgments Act is certainly not compulsory; it is discretionary. Borchard, Declaratory Judgments (2d ed.), p. 312. If it may fairly be said under Missouri law that respondent was bound by its failure or refusal to defend the earlier suit after notice, then it would clearly be an abuse of discretion for the District Court to take or at least to retain jurisdiction of the cause in case it appeared after a hearing on that issue that respondent was so bound.

MR. CHIEF JUSTICE STONE, dissenting:

I think the decision of the Circuit Court of Appeals was right and should be affirmed.

Respondent, reinsurer of an automobile public liability insurance policy, has been made a party to a garnishment proceeding instituted under the Missouri statutes by petitioner, who has secured a Missouri default judgment upon a liability of the insured said to be covered by the policy. By this suit brought in the federal District Court for Kansas, respondent now seeks among other things to set aside the judgment, so far as it establishes liability against the insurer, as fraudulently obtained.

Respondent's bill of complaint states a cause of action which it is entitled to have adjudicated in some court.

The considerations suggested by MR. JUSTICE DOUGLAS are of course relevant to the merits of respondent's case, and should be tried with other issues wherever and whenever they are to be tried. As the District Court below had jurisdiction—and as no other reason is advanced for declining jurisdiction—it was plainly its duty to hear and decide all the issues necessary for disposition of the case unless it was made to appear with reasonable certainty that the issues could be adjudicated in the Missouri courts. Petitioner assumed that burden by his motion in the District Court for an order dismissing the suit and remitting respondent to the state courts. The data, including statements of the facts spread upon the record, which he submitted in support of the motion have now received the consideration of three courts. None of them has said, and in the circumstances of this case no federal court could say, either with binding authority or with reasonable certainty, that respondent can litigate in the Missouri courts its asserted right to set aside petitioner's judgment for fraud. Petitioner, who is not a citizen or resident of Missouri and not subject to the jurisdiction of its courts unless he voluntarily appears in an action there, has not said, and in this Court has carefully avoided saying, that he would appear in any independent suit brought in the Missouri courts to attack the judgment.

Further, it affirmatively appears that the question whether respondent can litigate its present cause of action in the statutory garnishment proceeding in Missouri is at best not free from doubt. The Missouri garnishment statutes do not deal expressly with the nature of the issues that can be raised in a garnishment proceeding. Missouri Revised Statutes, 1939, §§ 1560–1589. But the Missouri intermediate appellate courts seem to agree that in such a proceeding the garnishee cannot challenge the validity and effectiveness of the judgment save for want of juris-

diction of the court which rendered it. *Potter* v. *Whitten*, 161 Mo. App. 118, 131–32, 142 S. W. 453; *Nevatt* v. *Springfield Normal School*, 79 Mo. App. 198, 201; *Reid, Murdock & Co.* v. *Mercurio*, 91 Mo. App. 673, 678. The Missouri Supreme Court has never disapproved these decisions.

The Court of Appeals below in deciding that the cause should be litigated in the present suit declared, 121 F. 2d at 778:

"A federal court may not refuse to assume jurisdiction merely on the ground that another remedy is available or because another suit is pending, if the controversy between the parties will not necessarily be determined therein. Maryland Casualty Co. *v.* Consumers Finance Service, Inc., 101 F. 2d 514."

Here it is evident, despite the diligence of counsel, that the ability of respondent to assert its cause of action in the Missouri garnishment proceeding is uncertain and must remain so until the Supreme Court of Missouri has spoken. Just how respondent's ability to maintain its suit in Missouri can be made more certain or even reasonably probable, or how the cause of justice will be advanced by compelling respondent to begin over again the nearly three years' course of litigation which it has now traveled, is not revealed. The concededly erroneous decision of the District Court has been reversed by the Circuit Court of Appeals. Unless this Court is now prepared to say that respondent's ability to maintain the suit in the state court is free from doubt, we should leave the judgment undisturbed and not deny to respondent the benefit of the federal jurisdiction which Congress has sanctioned. One of the chief purposes of creating the diversity of citizenship jurisdiction was to afford to suitors an unclouded opportunity to assert their rights in the federal courts when the exigencies of state court jurisdiction of subject matter or

parties, or both together, as in this case, render doubtful their ability to proceed in the state courts. In such a case a suitor ought not to be penalized, as respondent plainly is, for invoking the federal jurisdiction.

The Missouri law, if not conclusively against the assertion of the present cause in the Missouri garnishment proceeding, is at least so doubtful that respondent ought not to be compelled to seek the futile prophecy of the district court in Kansas as to how the Missouri courts will resolve an unsettled point of Missouri practice. Since petitioner has failed to sustain his burden of showing that the case is a proper one for dismissal, the District Court should exercise its jurisdiction by proceeding to determine the merits without further delay. If this litigation is ever to end, it is important for it to get started.

MR. JUSTICE ROBERTS and MR. JUSTICE JACKSON join in this dissent.