## HAWKEYE CASUALTY CO. v. ROSE et al.

### No. 5261.

United States District Court
W. D. Missouri, W. D.

Aug. 13, 1949.

See also D.C., 8 F.R.D. 586.

Roy F. Carter and Sprinkle & Knowles, Kansas City, Mo., for plaintiff.

Julian M. Levitt, Kansas City, Mo., for David Rose, defendant.

B. T. Hurwitz, Kansas City, Mo., for defendant Schwartz.

REEVES, Chief Judge.

There is no substantial controversy on the facts in this case. The plaintiff, as an insurance carrier, seeks an interpretation of its policy liability to the defendant David Rose.

On the 17th of May, 1947, the plaintiff issued its liability policy of insurance in favor of Bell Rose, who was then the owner of one 1940 Dodge, D14, 4 Door Sedan. The coverages were for "Bodily Injury Liability" and "Property Damage Liability". Other provisions of the policy included liability for contingencies not necessary to set out in this memorandum. The insuring clause named "Bell Rose (Wife 61; Husband 60; Husband Drives) * * *."

The policy was issued for one year, expiring on May 17, 1948. No issue was made with respect to the effective dates of the policy. Bell Rose was the wife of David Rose and became ill early in the year 1947, soon after, or approximately at the date the policy was issued. Previously, to wit, on March 12, 1947, the car had been stolen, but had been located and recovered by the authorities in New York approximately the same date the policy was issued. The defendant, David Rose, then made an arrangement through his brother in New

York for the transportation of the automobile back to Kansas City by Stanley H. Schwartz and Lillian G. Schwartz, husband and wife. In order to secure possession of the car it was necessary to obtain an affidavit of ownership from Mrs. Rose and an authorization to the police authorities in New York to turn the car over to Stanley H. Schwartz and Lillian G. Schwartz. This was done.

On the way back to Kansas City, because of an alleged latent defect, Mrs. Schwartz, who was driving the car, lost control, and both she and her husband, it is alleged, suffered severe injuries. It was averred by them that the reason for the accident was a latent defect in the automobile, known to the defendant David Rose, but not known by them.

This was the basis of a suit in the state court, filed on September 12, 1947. The suit was an action by Stanley H. Schwartz against David Rose, but it is stated that Mrs. Schwartz had indicated that a suit in her behalf would also be filed. The plaintiff was notified of the action in the state court and immediately took charge of the case. The facts were marshalled, depositions were taken, and the defendant through its attorneys continued in charge of the case until suit was brought by the plaintiff in this court against both the parties in the state court, with Mrs. Schwartz added. Such suit was filed on August 5, 1948, more than ten months after the original suit in the state court. This suit was brought on the theory that the terms of the policy were not broad enough to protect David Rose.

An examination of the policy discloses the following pertinent paragraph with title:

"Insuring Agreements.

" *　　*　　*　　*　　*　　*

"III Definition of 'insured'

"The unqualified word 'insured' wherever used in coverages A and B and in other parts of this policy * * * includes the named insured and, *except where specifically stated to the contrary, also includes any person while using the automo-* *bile and any person * * * legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured:"* (Emphasis mine.)

This was followed by exceptions which did not exclude claims such as above stated.

The only question upon the above facts is properly to construe the paragraph above quoted.

1. It will be noted that the policy employed the phrase "The unqualified word 'insured'". This could be reasonably interpreted to mean that the plaintiff intended the greatest liberality and comprehensiveness in its liability obligation. Again, it made the policy all inclusive: "except where specifically stated to the contrary, * * *." This would seem to evince a purpose to cover practically every conceivable situation with respect to the use of the automobile with the consent of the insured. The policy, moreover, particularly includes "any person * * * legally responsible for the use thereof, * * *." It could hardly be questioned but that David Rose was legally responsible for the use of the automobile at the time of the alleged accident; that he was the husband of the insured; that the insured was sick abed and confined in a hospital, and it was indicated in the insuring clause that David Rose, as the husband of the insured "drives" the automobile. He was endeavoring at the time to have it returned to Missouri from New York. Through his brother he made arrangements for Stanley H. Schwartz and Lillian G. Schwartz to take manual physical possession of the car for him, and for all of this the consent of the insured was obtained as provided in the policy. So that, in every way, David Rose became legally responsible for the use of the automobile in returning it to him from New York, and not to his sick wife, who deceased on June 28, 1947.

It is a rule of construction in all contracts, and such a rule is generally and frequently applied on insurance contracts, that: "Where a contract is ambiguous it will be construed most strongly against the

party preparing it or employing the words concerning which doubt arises, * * *." Evans v. Equitable Life Assurance Society, Mo.App., 109 S.W.2d 380, 383, and cases cited. 17 C.J.S., Contracts, § 324, page 751. The reason for the rule is that a man is responsible for ambiguities in his own expressions and has no right to induce another to contract with him on the supposition that his words mean one thing, while he hopes the court will adopt a construction by which they would mean another thing more to his advantage. Furthermore, it was David Rose who was using the automobile at the time of the accident, but he was using it through his codefendants Stanley H. Schwartz and Lillian G. Schwartz. In the light of these authorities the plaintiff is not entitled to a decree in its behalf and its bill should be dismissed.

2. Able counsel for the defendants have submitted authorities upon the theory that the court has a discretion whether to entertain the complaint or petition in this case. They cite Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 and many other cases. An examination of these cases shows that in each instance all the parties were in the state court at the time the action was brought by one of the parties in the federal court. The courts properly hold that, since the identical question could be determined in the state court proceeding, there was no reason why the litigation should be complicated by a suit in another jurisdiction. In this case the plaintiff is not a party to the state court proceeding. It had a right, therefore, to institute this action in the federal court.

3. The action of the plaintiff in conducting the defense of David Rose for approximately one year would indicate that the plaintiff believed that the provision of the policy above quoted was sufficient to oblige it to conduct such defense. The very fact that it was doubtful of its own liability under the policy would warrant the liberal interpretation here suggested.

In view of the above, the issues should be and will be found for the defendants.