**NATIONAL FIRE INSURANCE COMPANY, Plaintiff,**

v.

**MILWAUKEE METROPOLITAN SEWERAGE DISTRICT, and Harrison Western Corporation, a joint venture d/b/a Milwaukee Constructors, II, Defendants.**

Civ. A. No. 87-C-1195.

United States District Court,
E.D. Wisconsin.

March 14, 1988.

---

Donald C. Fellows, Milwaukee, Wis., Zacarias Chacon, for plaintiff.

William J. Schaefle, Chicago, Ill., Douglas L. Patin, Washington, D.C., Daniel M. Leep, Michael J. McCabe and Patrick D. Halligan, Milwaukee, Wis., for defendants.

### ORDER

REYNOLDS, Senior District Judge.

On October 15, 1987, the plaintiff filed the above-entitled action for declaratory judgment as to whether there exists coverage for insurance for the defendants under

a policy issued by the plaintiff. This court's jurisdiction arises under 28 U.S.C. § 1332. Defendant Harrison Western Corporation ("Harrison Western") has moved to dismiss this action because a previously filed and concurrently pending state court action will resolve all of the issues presented. Harrison Western has also moved to dismiss this action as being time barred. The plaintiff has opposed the motions to dismiss. For the reasons stated below, this court will dismiss this action and will not address the statute of limitations question.

On August 28, 1987, defendant Harrison Western and American Home Insurance filed an action in Milwaukee County Circuit Court against plaintiff National Fire Insurance Company ("National Fire") and defendant Milwaukee Metropolitan Sewerage District ("MMSD"). MMSD's broker, Rollins Burdick Hunter of Wisconsin ("Rollins Burdick Hunter"), is also named as a defendant in the state court action. In the state court action, Harrison Western alleges that National Fire breached its insurance contract and, alternatively, that MMSD and Rollins Burdick Hunter breached its contract to procure and maintain insurance. *See* Motion to Dismiss, Exhibit A. National Fire's answer in the state court action raises the same issues against Harrison Western that National Fire raises in this action, and MMSD's answer and counterclaim in the state court action raise the same coverage questions raised in this action. *See* Reply to Motion to Dismiss, Exhibits A and B.

Defendant Harrison Western argues that this court should dismiss this action because it will not settle the entire controversy and the state court action will. Plaintiff National Fire argues that it would be an abuse of discretion for this court to dismiss this case because exceptional circumstances beyond the interest of judicial economy do not exist. National Fire also argues that the allegations in this action go into greater factual detail concerning the cause of the drop shaft collapse which precipitated the insurance claim. National Fire argues that these allegations allow for a speedier resolution of the issues than the state court complaint. Harrison Western

replies that the exceptional circumstances test has no application in an action for declaratory judgment and the court should dismiss this action because judicial economy favors the state court where the action can be fully resolved.

The United States Supreme Court has held that it is appropriate for a district court to exercise its discretion and dismiss an action when faced with a contemporaneous state court action if the federal court action is one for declaratory judgment, federal court jurisdiction is based on diversity rather than a federal question, and all matters in controversy could be fully adjudicated in the state court proceeding. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 494–95, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The Seventh Circuit recently reaffirmed its adherence to *Brillhart* and held that it is well settled that federal declaratory judgment jurisdiction is discretionary and, where a pending action will resolve all issues before the court, a duplicitous declaratory judgment action serves no useful purpose and is properly dismissed. *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746, 748–50 (7th Cir.1987).

The court has reviewed the pleadings filed in this action and the action in state court. This court is satisfied that the state court action fully addresses the issues presented here and provides for a complete resolution of the controversy which this action does not. In addition, this action was filed approximately six weeks after the state court action. This action does not result in a more economical disposition of the entire controversy and is properly dismissed.

IT IS THEREFORE ORDERED that defendant Harrison Western Corporation's motion to dismiss this action is granted.