**OCÉ–OFFICE SYSTEMS, INC., and Océ–Nederland B.V., Plaintiffs,**

v.

**EASTMAN KODAK CO., Defendant.**

No. 92 C 2221.

United States District Court,
N.D. Illinois, E.D.

July 16, 1993.

William O. Bittman, Pierson, Ball & Dowd, Washington, DC, Jeffrey Singer, Paul E. Wojcicki, Segal, McCambridge, Singer & Mahoney, Ltd., Chicago, IL, Bernard L. Sweeney, Birch, Stewart, Kolasch & Birch, Falls Church, VA, for plaintiffs.

Thomas F. Gardner, Suzanne S. Greene, Jones, Day, Reavis & Pogue, Chicago, IL, for defendant.

### ORDER

ALESIA, District Judge.

This declaratory judgment action concerns alleged patent infringement and the procedural jockeying caused by the initial filing of a declaratory judgment action and, subsequently, an infringement action in another district. Plaintiffs Océ–Office Systems, Inc. and Océ–Nederland B.V. (collectively "Océ") filed this action on April 1, 1992 seeking a declaration that Eastman Kodak Co.'s ("Kodak") Letter Patent No. 4,140,387 ("the '387 patent") was invalid or not infringed by Océ's 2500 Copier–Duplicator ("the Océ 2500"). Soon thereafter, on May 28, 1992 Kodak filed a motion to dismiss, pursuant to FED.R.CIV.P. 12(b)(1), stating that this court lacked jurisdiction because no case or controversy existed between these parties. On November 3, 1992, this court denied Kodak's motion and held that jurisdiction was proper because an actual case or controversy existed. 805 F.Supp. 642. Ten days later, on November 13, 1992, Kodak filed a complaint in the District Court for the Western District of New York against Océ charging infringement of the '387 patent ("the New York action" or "the infringement action"). On that same date, Kodak filed a motion to dismiss this action in favor of the New York action citing *Tempco Electrical Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987). On December 3, 1992 this court granted defendant's motion in open court and dismissed this case in favor of the New York action. Soon thereafter, Océ moved to reconsider that ruling and reinstate this case because it filed a motion to dismiss the New York action for improper venue. This Motion for Reconsideration is now before the court. On May 10, 1993 Judge Telesca in the New York action transferred that case here to the Northern District of Illinois, finding that venue was improper in the Western District of New York. *Eastman Kodak Co. v. Océ Office Systems, Inc.*, No. 92–CV–6513T (W.D.N.Y. May 10, 1993). We must now decide if this action should be reinstated.

In support of its motion, Océ argues that *Tempco* and its progeny are inapposite to this case, and that dismissing this case in favor of the New York action would create duplicitous litigation because venue is not proper in the Western District of New York. This second argument has been rendered moot by the decision of the New York court. Therefore, we need only decide whether, based on the unique facts of this case, this declaratory judgment action should be reinstated.

■ *Tempco* stands for the proposition that a District Court has discretion to dismiss a declaratory judgment action in favor

of an infringement action which is filed soon after the declaratory judgment action was filed. *Tempco,* 819 F.2d at 749. Here, the patent infringement action was filed shortly after this court ruled that a case or controversy existed in the declaratory judgment action. This came approximately seven and one-half months after the declaratory judgment action was filed, however. Therefore, the question presented is whether a District Court should dismiss a declaratory judgment action in favor of an infringement action filed almost eight months after the declaratory judgment suit is filed but soon after a dispositive motion is denied. We hold that, while a District Court does possess such discretion, the decision whether to dismiss the first action must be made as a matter of fairness to the parties, and to the judicial system, taking into account such non-exclusive factors as (1) lapse of time between the filing of the declaratory judgment action and the infringement action, (2) lapse of time between the judgment on the dispositive motion in the declaratory judgment action and the filing of the infringement action, (3) relative merit to the dispositive motion made in the declaratory judgment action, (4) relative hardship to the parties and (5) the risk of duplicitous litigation and judicial inefficiency.

■ First, a District Court possesses significant discretion to abstain from exercising jurisdiction in a declaratory judgment action. *Bankers Trust Co. v. Old Republic Ins. Co.,* 959 F.2d 677, 682 (7th Cir.1992); *A.G. Edwards & Sons, Inc. v. Public Bldg. Comm'n,* 921 F.2d 118, 120 (7th Cir.1990) (citing *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 125–28, 88 S.Ct. 733, 746–47, 19 L.Ed.2d 936 (1968)). This discretion is broadened, it seems, in a case such as this where a corresponding infringement action is pending in the same judicial District between the same parties and involving the same issues. Therefore, there is no doubt that it is within the court's discretion to abstain from exercising jurisdiction in this case. We now must determine if abstention is proper as a matter of fairness to the parties.

■ Applying the factors set out above, we hold that fairness to all concerned dictates that we abstain from exercising jurisdiction in this declaratory judgment action. First, almost eight months lapsed between the time plaintiff filed this action and the defendant filed the infringement action in New York. This cuts in favor of retaining jurisdiction in this case. However, just ten days after this court ruled on the defendant's motion to dismiss, defendant filed the infringement action. Furthermore, defendant's motion to dismiss had relative merit and nothing suggests that it was brought in bad faith. These latter two factors support abstaining from exercising jurisdiction.

Finally, the last two factors, and probably most influential, work in favor of abstaining from exercising jurisdiction in this case. First, no apparent hardship would result from refusing jurisdiction in this case. The infringement action is now pending before Judge Andersen in this same judicial District. That suit involves the same parties and the same claims. Any discovery taken in this case can presumably be used in that infringement action. Therefore, no hardships would result to the parties. The only inconvenience to either party seems to be that plaintiff herein will become the defendant in the infringement action. We do not believe that this is a sufficient hardship to this plaintiff to require the court to retain jurisdiction in this declaratory judgment action because Océ can easily assert its claims as defenses or counterclaims in the infringement action. Lastly, the burden on the district court of maintaining and trying two separate lawsuits when all claims and issues can be brought in one suit is substantial and not to be regarded lightly. Furthermore, we believe that an infringement action is the better vehicle through which to resolve the issues in this case because it is an affirmative action seeking coercive relief whereas a declaratory judgment action is equitable in nature. *See Samuels v. Mackell,* 401 U.S. 66, 68–72, 91 S.Ct. 764, 766–67, 27 L.Ed.2d 688 (1971) (declaratory judgment actions are equitable in nature). As such, fairness dictates that this case be dismissed so that all the claims can be brought in the infringement action before Judge Andersen.

**40**

### CONCLUSION

For all the foregoing reasons, plaintiffs' Motion for Reconsideration is denied.