**AMERICAN MOTORISTS INSURANCE COMPANY, Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America, Continental Casualty Company, Hartford Accident and Indemnity Company, and Lumbermens Mutual Casualty Company, Plaintiffs,**

v.

**THE GLIDDEN COMPANY, SCM Corporation, HM Holdings, Inc., and Millennium Inorganic Chemicals, Inc., Defendants.**

**No. 00 Civ. 3787(JSR).**

United States District Court,
S.D. New York.

Jan. 31, 2001.

Albert Hilber, Tressler, Soderstrom, Maloney & Priess, Newark, NJ, of counsel, Judith Fournie Helms, Patrick Maloney, Tressler, Soderstrom, Maloney & Priess, Chicago, IL, Mary E. McPherson, Tressler, Soderstrom, Maloney & Priess, Los Angeles, CA, for American Motorists Insurance Company and Lumbermans Mutual Casualty Company.

William M. Billings, Peterson & Ross, New York City, of counsel, Brian A. Frankl, Cohn & Baughman, Chicago, IL, for Century Indemnity Company.

Joseph E. Kelly, Jr., Bivona & Cohen, P.C., New York City, of counsel, Elizabeth Sarah Gere, Charles A. Jones, Clinton E. Cameron, Ross, Dixon & Bell, L.L.P., Washington, DC, for Continental Casualty Company.

Lyndon M. Tretter, John B. Dawson, Steven Edwards, Hogan & Hartson, L.L.P., New York City, of counsel, William Bowman, Patrick F. Hofer, Hogan & Hartson, L.L.P., Washington, DC, for Hartford Accident and Indemnity Co.

William Passannante, Lauren B. Sobel, Anderson Kill & Olick, P.C., New York City, John Heintz, Richard Milone, John Heintz, Howrey Simon Arnold & White, Washington, DC, for SCM, HM Holdings.

### MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff insurance companies seek a declaratory judgment that they are not obli-

gated to defend or indemnify defendant The Glidden Company ("Glidden") and other, associated defendants with respect to certain lawsuits and liabilities arising from defendants' sales of lead paint several decades ago. Because essentially the same issues are presently pending before an Ohio state court as part of a more comprehensive litigation and because that court has substantial prior familiarity with the matter, the Court grants defendants' motion to dismiss this case in favor of the Ohio action.

The relevant facts are as follows. On July 25, 1991, Glidden and associated defendant HM Holdings, Inc. filed suit in the Ohio Court of Common Pleas, Cuyahoga County, against numerous insurers (including the five plaintiff insurance companies presently before this Court) seeking a declaratory judgment that the insurers had a duty to defend and indemnify Glidden and HM Holdings with respect to a lead paint action brought against Glidden. On May 26, 1993, Judge Frank D. Celebrezze, Jr. of the Ohio Court granted partial summary judgment in favor of Glidden and HM Holdings, whereupon the parties to that case executed an Interim Defense Agreement obligating the insurers to defend not only the underlying action in that case but also similar lead paint cases subsequently filed. *See* Compl. ¶ 62.

This Interim Defense Agreement expired with respect to Glidden on May 18, 2000. The next day, the present plaintiffs (none of which is a resident of New York) filed the instant action against Glidden in the Southern District of New York. After the Interim Defense Agreement expired on June 30, 2000 as to at least one of the other four companies associated with Glidden, the plaintiffs amended their complaint, on July 1, 2000, to include the other four.

Meanwhile, however, on June 1, 2000, Glidden and its associated companies filed a more comprehensive suit before the same Ohio Court of Common Pleas that had heard the 1991 action, seeking a decla-ration that some 35 insurance companies (including the five plaintiffs here) had a duty to defend and indemnify Glidden and the associated companies in the various underlying lead paint cases. Although the case was temporarily removed to the United States District Court for the Northern District of Ohio, that court, on November 17, 2000, remanded the case to the Ohio Court of Common Pleas, where it was once more returned to the same judge (Judge Celebrezze) who had heard and partially decided the 1991 action that raised identical or similar questions.

From the foregoing, it is obvious not only that the filing in this Court was something of a stretch but that, in any event, the court best suited in every relevant respect to decide the issues in this case (none of which involve federal law) is the Ohio state judge, who not only has considerable prior familiarity with the legal issues and factual background of this matter but also has pending before him a far more comprehensive case involving all pertinent parties. Under these circumstances, the fact that one part of the instant declaratory action was filed in this Court two weeks before the filing of the Ohio action is of no moment. *See Wilton v. Seven Falls Co.,* 515 U.S. 277, 290, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). It makes no sense for this Court to take a piece of the meal when the full plate is pending before Judge Celebrezze.

Accordingly, defendants' motion to dismiss this case in favor of the pending Ohio action is hereby granted. Clerk to enter judgment.

SO ORDERED.