

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2003

# Atl Mutl Ins Co v. Gula

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Atl Mutl Ins Co v. Gula" (2003). *2003 Decisions*. Paper 55.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/55

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———————

No. 02-4160

———————

ATLANTIC MUTUAL INSURANCE COMPANY,

Appellant

v.

KATHLEEN GULA,
AND HER HUSBAND; PAUL GULA

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-03807)
District Judge:  Hon. Edmund V. Ludwig

———————

Submitted Under Third Circuit LAR 34.1(a)
December 1, 2003

Before:  SLOVITER, ALITO and FRIEDMAN,∗ Circuit Judges

(Filed : December 17, 2003)

———————

OPINION OF THE COURT

_____

∗      Hon. Daniel M. Friedman, United States Senior Circuit Judge for the
Federal Circuit, sitting by designation.

SLOVITER, <u>Circuit</u> <u>Judge</u>.

## I.

Appellant Atlantic Mutual Insurance Company appeals from the judgment of the District Court granting the motion of defendants Kathleen and Paul Gula to dismiss the complaint and denying Atlantic Mutual's motion for judgment on the pleadings as moot. Atlantic Mutual filed this action for a declaratory judgment that it has no duty to indemnify or defend its insured, Novaeon, Inc., with respect to the suit brought by the Gulas against Novaeon.

The issue arose when Kathleen Gula fell at work while carrying out her duties as an x-ray technician at Taylor Hospital. During the course of her treatment she was prescribed an EMG diagnostic test. Novaeon was the claims administrator for Taylor, and according to Novaeon policy pre-certification was required before obtaining an EMG. Mrs. Gula was certified to undergo the test, which she had on April 1, 1999. The treating neurologist, Dr. Grossinger, opined that surgery was not needed and discharged her to full duty on April 8, 1999. Dissatisfied with her quality of care, Mrs. Gula sought treatment with neurosurgeon Dr. Chitale who performed release surgery on May 24, 1999.

The Gulas filed two suits in the Court of Common Pleas in Delaware County, Pennsylvania. The first alleges that Novaeon failed to provide appropriate health care; the second against several health care providers alleges medical negligence during the course of her treatment. Mrs. Gula is seeking compensation for personal injuries and Mr.

2

Gula is seeking compensation for loss of consortium.

Novaeon filed for bankruptcy prior to the lawsuits filed by the Gulas, but the Gulas were granted relief from the automatic stay so they could pursue their claim for personal injuries in the pending state action. Atlantic Mutual filed this declaratory judgment action seeking a declaration that its policy covering Novaeon does not provide coverage for the Gulas' claims. The District Court exercised its discretion under the Declaratory Judgment Act to decline jurisdiction. The Court treated the Gulas' motion to remand as a motion to dismiss which it granted.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the question before this court centers on a discretionary decision by the District Court, we review its decision for an abuse of discretion. Wilton v. Seven Falls Co., 515 U.S. 277, 289-90 (1995).

The Declaratory Judgment Act provides, in part, that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201. Jurisdiction conferred by this act is discretionary and district courts are "under no compulsion to exercise it." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)). "The central question is whether the controversy may 'better be settled' in the state court . . ." United States v. Pennsylvania Dep't of Envtl.

3

Res., 923 F.2d 1071, 1075 (3d Cir. 1991) (dismissing the action because the same issue was pending in state court and because the court believed the declaratory action was an attempt to forum shop).

In Summy, we noted that the district courts do not maintain "open-ended discretion to decline jurisdiction over a declaratory judgement action," but stated that federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law. Summy, 234 F.3d at 134-35. Where the subject of the declaratory judgment action involves an insurance coverage issue, the following considerations are relevant: "1. A general policy of restraint when the same issues are pending in state court; 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; [and] 3. Avoidance of duplicative litigation." Id. at 134. Moreover "[t]he state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory judgment actions." State Auto Mut. Ins. Co. v. Toure, 2003 U.S. Dist. LEXIS 15495, *5 (E.D. Pa. 2003) (citing Summy, 234 F.3d at 136).

Looking to the first Summy factor, we note that of the two actions the Gulas filed in state court related to the facts of this case, Gula v. TMCA/Novaeon, Inc., No. 01-02011 (Delaware County) is relevant to the case at bar as the complaint in that suit asserts that Novaeon failed to provide adequate, timely and proper health care for Mrs. Gula's injury. Atlantic Mutual argues that this action does not expressly deal with the issue of coverage

4

which is currently before this court. The Gulas respond that if they ultimately prevail in state court on the negligence claim, "[t]he illusory coverage issue . . . will come up in garnishment proceedings." Gulas' Br. at 6-7. In other words, even if the coverage issue is not currently pending, it will as a matter of logic necessarily arise before the matter is concluded in state court. The first <u>Summy</u> factor is met.

Atlantic Mutual argues that Pennsylvania insurance law is not uncertain and that therefore there is no need to remand. The District Court noted, among other things, that Atlantic Mutual's complaint questions the validity of the state default judgment, and concluded that that issue is best decided by the state court in which the default judgment is pending. The court's conclusion in that regard is well within the stream of precedential authority.

Atlantic Mutual argues that there are "unusual circumstances" here, particularly the possibility that a court will be required to interpret federal bankruptcy statutes affecting the release of Novaeon from all personal liability. We see no open federal bankruptcy issue. When the Bankruptcy Court granted Mrs. Gula's Petition for Relief from the Automatic Stay, Mrs. Gula was limited to insurance coverage. That signified the conclusion of the her issues in the Bankruptcy Court.

### III.

We find no basis to reverse the District Court's order, and will affirm.

5

TO THE CLERK:

Please file the foregoing opinion.

/s/   Dolores K. Sloviter
Circuit Judge