**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARK FROST, an individual; GOOD COMMA, INK., a California Corporation, | No. 10-55910 |
| Plaintiffs-counter-defendants - Appellants, | D.C. No. 2:09-cv-08325-PSG-CW |
| v. | MEMORANDUM* |
| ROBERT FREDERICK, an individual; MVP ENTERTAINMENT, INC., a British Columbian Corporation, | |
| Defendants-counter-claimants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted November 17, 2011
Pasadena, California

Before: GOODWIN, W. FLETCHER, and RAWLINSON, Circuit Judges.

Frost appeals the dismissal of his declaratory judgment action under the

Declaratory Judgment Act, 28 U.S.C. § 2201(a). We have jurisdiction under 28

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

U.S.C. § 1291, and we vacate the order and remand the case for such further proceedings as the district court may deem appropriate.

A district court has discretion to decline jurisdiction over a declaratory action, even when subject matter jurisdiction is clear. *Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998) (per curiam). When declining jurisdiction, however, a court is obligated to consider the following factors: (1) whether retaining jurisdiction will involve the court in a needless decision of state law, (2) whether the request is a means of forum shopping, and (3) whether dismissal of the claim for declaratory relief would avoid duplicative litigation. *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (discussing the factors outlined in *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942)). The district court must record its reasoning on those factors. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

If the record contains insufficient reasoning to allow us to review for abuse of discretion, we remand for proper consideration. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 674 (9th Cir. 2005). The record before us does not disclose enough reasoning to afford appropriate review.

The district court may have considered the *Brillhart* factors, but after concluding that the primary issue in the case was a garden variety state law dispute

2

over the formation of a contract, it decided to end the matter on that ground alone. It did not consider Frost's assertion that the controversy involved the transfer of copyright property subject to 17 U.S.C. § 204(a), which invokes a potentially important question of federal law. It also did not consider the fact that, at the time of dismissal, there was no parallel proceeding in state court.

At oral argument, this court was advised that essentially the same dispute, between the same parties, has recently been decided by a California Superior Court and is on appeal to the California Court of Appeal. On remand, the district court will have an opportunity to consider whether further proceedings in federal court are necessary or appropriate.

**VACATED** and **REMANDED**, no party to recover costs in this court.