FILED
United States Court of Appeals
Tenth Circuit

December 7, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

---

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

STATE OF NEW MEXICO ex rel.
STATE ENGINEER; CITY OF LAS
CRUCES; ELEPHANT BUTTE
IRRIGATION DISTRICT; EL PASO
COUNTY WATER IMPROVEMENT
DISTRICT NO. 1,

       Defendants - Appellees,

    and

HUDSPETH COUNTY
CONSERVATION AND
RECLAMATION DISTRICT NO. 1;
CITY OF EL PASO; NEW MEXICO
STATE UNIVERSITY; STAHMANN
FARMS

       Defendants.

---

JAMES SCOTT BOYD; PRE–1906
CLAIMANTS; SAMMIE SINGH, SR.;
SAMMIE SINGH, JR.; ED
PROVENCIO; JOHNNY DIAZ,

       Movants - Appellants.

No.15-2002
(D.C. No. 1:97-CV-00803-JAP-RLP)
(D. N.M.)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **McKAY** and **McHUGH**, Circuit Judges.

In this appeal, Appellants challenge the district court's decision to deny their motions to intervene and lift the stay in a federal case that has been stayed and administratively closed since 2002 based on the *Brillhart* abstention doctrine. S*ee Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

In 1986, a New Mexico state court began conducting a comprehensive water rights adjudication referred to as the Lower Rio Grande Adjudication, which pertains to all known and unknown claimants to water rights in the Rio Grande from the Elephant Butte Dam to the Texas state line. This complex adjudication is still pending in the state court.

In 1997, the United States filed the federal action underlying this appeal, seeking to quiet title to water rights related to the Rio Grande Reclamation Project. Based on the related state court proceeding, the district court dismissed the complaint under the *Colorado River* doctrine and, in the alternative, under the *Brillhart* doctrine. On appeal, we affirmed the district court's decision to abstain

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under *Brillhart* but remanded for the district court to consider whether the action should be stayed instead of dismissed. *See United States v. City of Las Cruces*, 289 F.3d 1170 (10th Cir. 2002). On remand, the district court stayed the federal action and administratively closed the case.

Twelve years later, the current Appellants—claimants of water rights in the Lower Rio Grande Basin who are dissatisfied with various rulings in the state court water rights adjudication—filed motions to intervene and lift the stay in this federal action, seeking to obtain federal review of their claims. After a thorough and well-reasoned analysis of the *Brillhart* factors, however, the district court concluded that *Brillhart* abstention was still appropriate and that Appellants' motions to intervene and lift the stay should accordingly be denied.

Our review of the parties' briefs and the record on appeal fails to convince us that the district court's decision constituted an abuse of discretion. *See City of Las Cruces*, 289 F.3d at 1179. Accordingly, and for substantially the same reasons given by the district court, we **AFFIRM** the district court's denial of Appellants' motions to intervene and to lift the stay. All pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge


-3-