*Gustavia Home LLC v. VVS1 Corp., et al*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty.**

PRESENT:    AMALYA L. KEARSE,
             DENNIS JACOBS,
             JOSÉ A. CABRANES,
                      *Circuit Judges.*

---

GUSTAVIA HOME LLC,

        *Plaintiff-Counter-Defendant-Appellant,*

                v.

VVS1 CORP.,

        *Defendant-Counter-Claimant-Counter-Defendant-Appellee,*

56 SOMERS ST. LLC,

        *Defendant-Appellee,*

LEHMAN BROTHERS HOLDINGS INC.,

        *Defendant.*

19-2082-cv(L)
19-3178 (Con)

---

**FOR PLAINTIFF-COUNTER-DEFENDANT- APPELLANT:**     Jerold C. Feuerstein, Michael Capellupo, Kriss & Feuerstein LLP, New York, NY.

**FOR DEFENDANT-COUNTER-CLAIMANT-APPELLEE and DEFENDANT-APPELLEE:**     Michael Bryan Wolk, Law Offices of Michael B. Wolk, P.C., New York, NY.[*]

Appeal from a judgment of June 25, 2019 and an order of September 13, 2019 of the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Court be and hereby are **AFFIRMED**.

Plaintiff-Appellant Gustavia Home, LLC ("Gustavia") sought a declaratory judgment in the District Court stating that a 2006 mortgage issued on a property it purchased had been canceled. The District Court abstained from reaching the issue under the doctrine articulated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Gustavia now appeals from the District Court's decision to abstain from deciding its claim, and from the District Court's subsequent order denying reconsideration of such abstention. Gustavia argues primarily that the District Court erred in abstaining *sua sponte*, without giving the parties proper notice, and that in any case, abstention was not warranted given the nature of the ongoing state court proceedings. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"The district court's decision to abstain is reviewed for abuse of discretion." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997).

Under the abstention doctrine laid out in *Brillhart*, and further developed in *Wilton*, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act" when there are parallel state proceedings "even when the suit otherwise satisfies [federal] subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282. Indeed, the Supreme Court has noted the "unique breadth of this discretion[,]" *id.* at 287, owing to the particular nature of the Declaratory Judgment Act, "which confers a discretion on the courts rather than an

---

[*] Appellees did not submit a brief in this matter.

absolute right upon the litigant." *Public Service Commission of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 241 (1952).

As we have noted, "[a]lthough *Brillhart* did not exhaustively catalog the factors governing a district court's exercise of its discretion to hear a declaratory judgment suit" when there is parallel state litigation, several general factors should be considered. *Youell v. Exxon Corp.* 74 F.3d 373, 375 (2d Cir. 1996). "For example, in determining whether the claims before it can better be settled in the state proceedings, the district court should examine the scope of the parallel state litigation and the nature of the defenses available there. It should also consider whether the claims of all parties in interest can satisfactorily be adjudicated in that [state] proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* (internal citations and quotation marks omitted).

Here, the District Court properly exercised its discretion in noting that the ongoing state litigation—in which both Gustavia and Defendant-Counter-Claimant-Appellee VVS1 Corp. have appeared—"may be dispositive" of one of Gustavia's claims, and would "necessarily" affect the others. *Gustavia Home LLC v. VVS1 Corp., et al*, No. 17-CV-4330 (ERK), 2019 WL 2527291 at \*6 (E.D.N.Y. June 19, 2019). Moreover, although nothing in *Brillhart* or *Wilton* requires the District Court to give the plaintiff notice when it exercises its unique discretion to abstain in an action for declaratory judgment, we cannot conclude, as Gustavia urges us to, that no notice was given here. To the contrary, as the District Court stated in its order denying reconsideration, Gustavia was aware that VVS1 asked the Court to abstain, and had the opportunity to argue against it. Though VVS1 claimed that the case warranted "mandatory abstention" under *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), the fact that the Court ultimately chose to abstain under the less-stringent "discretionary" doctrines of *Brillhart* and *Wilton* does not mean that Gustavia lacked warning that abstention could occur.

## CONCLUSION

We have reviewed all of the arguments raised by Gustavia on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment and order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3