**The TRAVELERS INDEMNITY COMPANY**

v.

**MONSANTO COMPANY, a Delaware Corporation; Liberty Mutual Insurance Co., a Massachusetts Corp.; Insurance Company of North America, a Pennsylvania Corp.**

Civ. No. H–88–34(AHN).

United States District Court, D. Connecticut.

March 22, 1988.

Stephen E. Goldman, Frank F. Coulom, Robinson & Cole, Hartford, Conn., for Travelers Indem. Co.

Jerold Oshinsky, Randy Paar and Patricia Van Dyke, Anderson, Baker, Kill & Olick, Washington, D.C., Francis J. Brady, John C. Yavis, Jr., R. Bradford Fawley, Murtha, Cullina, Richter & Pinney, Hartford, Conn., for Monsanto.

Joseph C. Manta, John C. Sullivan, and Mary E. Rugala, Manta & Welge, Philadelphia, Pa., Nancy S. Rosenbaum, Rosenbaum & Brennan, Glastonbury, Conn., for Liberty Mut.

Paul R. Koepff, Davis, Polk & Wardwell, New York City, Maurice, FitzMaurice, Reid & Reige, Hartford, Conn., for Insurance Co. of North America.

## RULING ON MOTION FOR STAY

NEVAS, District Judge.

The Travelers Indemnity Company ("Travelers") filed this action on January 19, 1988, asking the court to resolve and declare certain responsibilities and liabilities asserted against Travelers by Monsanto Corporation ("Monsanto") in connection with multi-million dollar environmental cleanup claims pending against Monsanto around the country. Travelers is potentially implicated in those claims because it provided comprehensive general liability insurance to Monsanto from 1971 to 1978. In a nutshell, Travelers asserts that by the terms of its contract with Monsanto it is not responsible for defending those claims or for making any payments on Monsanto's behalf in connection with them. Because it has nevertheless already agreed to advance certain legal and other expenses, Travelers also alleges that it is entitled to be subrogated to Monsanto's rights to any such payments from Liberty Mutual Insurance Company ("Liberty Mutual") or from the Insurance Company of North America ("INA")—Monsanto's comprehensive general liability insurers, respectively, before and since the period of Travelers' coverage.

The day after this action was filed, Monsanto lodged two connected suits in the Delaware courts of law and chancery, against 37 of its primary, excess, and environmental impairment liability insurance carriers, including Travelers, Liberty Mutual and INA.[1] In its combined "Delaware action," Monsanto seeks compensatory damages and a declaration of Monsanto's rights to defense and indemnity in connection with the environmental cleanup claims, as against all of the insurers.

Shortly thereafter, Monsanto moved this court to dismiss the present federal suit·in light of the more comprehensive Delaware action or, alternatively, to stay it pending a resolution in Delaware. Travelers vigorously opposes dismissal or a stay, asserting that this forum and venue are the proper ones for its case. INA and Liberty Mutual have joined Travelers in urging the court to deny Monsanto's motion.[2] In order to expedite a decision on the threshold question of forum, the parties have proceeded to brief only the issue of a stay. The court heard oral argument on March 18, 1988, and now, for the reasons stated below, grants a stay of this action.

## Discussion

It has long been well within a federal court's discretion to stay a declaratory action in favor of parallel state litigation. *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942) ("the decision whether to defer to the concurrent jurisdiction of a state court is, in the last analysis, a matter committed to the district court's discretion"). More recently, the Supreme Court laid out the ground rules for nontraditional abstention in diversity cases, in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).[3] *Colorado River* held that a federal court proceeding is not barred by the existence of a parallel state court action, but that the federal court cannot dismiss or stay the federal case in deference to the state action except in "exceptional circumstances." The clear teaching of *Colorado River* has arguably been expanded in the case of declaratory actions, where *Brillhart*'s "broad discretion" test comes into play. *Will v. Calvert Fire Insurance Co.*, 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978). Mindful that the plurality holding of *Will v. Calvert* is not yet settled law, however, this court has examined the present case under both the "exceptional circumstances" test and the "broad discretion" standard.

In *Colorado River*, the Supreme Court upheld a district court's dismissal of a federal action, despite the fact that dismissal was not warranted under any of the traditional grounds for abstention.[4] Instead, the Court found that principles of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" may govern in situations involving the contemporaneous exercise of concurrent jurisdictions. *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. In order to equip district courts to determine whether exceptional circumstances justify such abstention, the Supreme Court in *Colorado River* and *Moses Cone* identified ·several factors that a court might consider: the order in which

---

**1.** *Monsanto Co. v. Aetna Casualty & Surety Co.*, No. 88C–JA–118–1–CV (Del.Super.Ct. filed Jan. 20, 1988); *Monsanto Company v. Aetna Casualty & Surety Co.*, No. 9576 (Del.Ch. filed Jan. 20, 1988).

**2.** Although INA and Liberty Mutual did not brief their opposition to their codefendant's motion, at oral argument they adopted Travelers' reasoning and arguments.

**3.** The second circuit had authorized such abstention many years earlier, in *Mottolese v.* *Kaufman*, 176 F.2d 301 (2d Cir.1949), where the appeals court upheld the stay of a shareholder's federal court action pending determination of a state suit in which nine similar actions had been consolidated.

**4.** Because the traditional forms of abstention do not apply, the court may proceed directly to a *Colorado River* abstention analysis. *Law Enforcement Insurance Co. v. Corcoran*, 807 F.2d 38, 40 n. 3 (2d Cir.1986).

jurisdiction was obtained by the concurrent forums; inconvenience of the federal forum; the avoidance of piecemeal litigation in favor of comprehensive disposition of a dispute, especially where concurrent litigation might result in inconsistent dispositions; the role of federal law in the federal case; and the adequacy of the state court proceedings to protect the federal case plaintiff's rights.[5] These factors are not a "mechanical checklist," but instead call for a "careful balancing," with the weight to be given to any one factor depending upon the particular setting of the case. *Moses H. Cone*, 460 U.S. at 16, 103 S.Ct. at 937. Above all, the factors are "to be applied in a pragmatic, flexible manner, with a view to the realities of the case in hand." *Id.* at 21, 103 S.Ct. at 940, *quoted in Law Enforcement Insurance Co. v. Corcoran*, 807 F.2d 38, 40 n. 3 (2d Cir.1986).

The fact that Travelers instituted its federal suit a day before Monsanto filed the Delaware action is not significant; in effect they were filed virtually simultaneously. It is evident from reading the complaints that both lawsuits were a long time in preparation. Each party accuses the other of blatant forum-shopping, but it seems to the court that each plaintiff has merely exercised its privilege to bring an action in any proper forum in which the suit can be maintained. The Supreme Court has suggested in dicta that "the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation." *Moses H. Cone*, 460 U.S. at 18 n. 20, 103 S.Ct. at 938 n. 20. Here, however, there is no persuasive evidence that either party brought its action in bad faith or without substantial justification. Moreover, the sequence of suit is not in itself dispositive. *Compare Burton v. Exxon Corp.*, 536 F.Supp. 617, 620 (S.D.N.Y.1982) (stay denied where, *inter alia*, state suit was filed two months after federal action), *with American Motorists Insurance Co. v. Philip Carey Corp.*, 482 F.Supp. 711, 712 n. 1 (S.D.N.Y.1980) (stay granted in favor

of state action filed three and one-half months after federal action instituted).

Similarly, the relative conveniences of the Connecticut federal and Delaware state courts are not dispositive. The litigants here are corporations which do business nationwide and face litigation in many states. All appear to be amenable to suit in Delaware. Counsel have strenuously debated whether it is more convenient to summon witnesses and documentation to Hartford or Wilmington, but the court is satisfied that neither forum is significantly more inconvenient than the other in an age where air travel, express mail, electronic data transmission, and videotaped depositions are part of the normal course of business for companies such as these. While Travelers has stated a clear preference for pressing this suit in Hartford, the company has recently initiated litigation in Delaware, and so does not appear to be inherently disinclined toward litigating there.

Because substantive federal law is not a factor in the action before this court, Travelers will not be prejudiced by having the matter delegated to a state court. Another important consideration is whether the Delaware action is capable of protecting the rights that Travelers has sought to adjudicate before this court. First, because the Delaware state rules of practice—particularly those governing discovery—are essentially coextensive with the federal rules, Travelers' discovery rights are not likely to be diminished in the Delaware courts. Second, the declaratory relief that Travelers seeks is attainable in the Delaware action through counterclaims or summary judgment motions. Finally, both this federal court and the Delaware state court would have to apply foreign state law in interpreting the contract terms that form the basis of Travelers' claims.

By far the most significant factor—and ultimately the dispositive one—is the court's responsibility to discourage duplicative and piecemeal litigation. "[T]he avoidance of piecemeal litigation should be given

---

**5.** A sixth factor—which court first took jurisdiction over the *res* at issue—is not relevant to this action.

great weight in the context of declaratory judgment actions because such litigation would complicate and fragment the trial of cases and cause friction between state and federal courts." *Lumbermens Mutual Casualty Co. v. Connecticut Bank & Trust Co.*, 806 F.2d 411, 414 (2d Cir.1986). The purpose of the Delaware action is to determine the respective liabilities of all of Monsanto's insurers whose coverage is implicated in the environmental cleanup claims being lodged against Monsanto. Those claims involve hundreds of millions of dollars, for activity spanning decades at more than forty sites around the country. It is essential that such large-scale complex litigation be managed comprehensively. Such a consideration clearly rises to the level of an "exceptional circumstance." It is undoubtedly for that reason that the overwhelming majority of courts considering motions to stay declaratory actions regarding relatively narrow insurance coverage issues, have granted them in favor of more comprehensive lawsuits better able to resolve the narrower issues in their broader context.[6] This court has thoroughly reviewed the extensive decisional law and voluminous exhibits that both parties have cited and presented and the court is convinced that a stay of this federal action is warranted.

Furthermore, the court is not unmindful that to the extent that the dispute between Monsanto and its carriers, including Travelers, is fragmented, any effort to resolve the matter through settlement is likely to be frustrated.

Finally, to allay any fears Travelers may have about the adequacy of remedies available to it in the Delaware action, the court reminds the parties that by not dismissing this lawsuit this court retains jurisdiction over it; Travelers can move to vacate the stay if the claims it has brought before this court are not ultimately resolved in Delaware.

### Summary

This court is well aware of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given to them." *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246. The court has also fully and carefully considered Travelers' arguments against a stay. But—like another court faced with similar arguments—this court concludes that "neither singly nor collectively do they justify what must be the end result if the stay is denied and this action with only three insurance companies proceeds apace with the [Delaware action] with all the interested insurance companies—a gross and unjustifiable waste of judicial resources, duplicative efforts of counsel and unnecessary additional expense to their clients. Such a result is neither in the interests of the litigants nor in the public interest." *American Motorists Insurance*, 482 F.Supp. at 716. The Delaware action, which was brought essentially simultaneously with the one before this court, is by far the more comprehensive of the two. It involves virtually all of Monsanto's insurers and will address the full range of liability to which they might be subject. Common sense, prevailing law, and the facts of this particular case all militate for a stay in favor of the Delaware action.

### Conclusion

For the aforementioned reasons, the defendant's motion for a stay of this action, pending resolution of the parties' parallel

---

6. Travelers at oral argument brought to the court's attention a very recent unpublished summary order in which a Texas federal district court denied a motion to dismiss or stay an insurer's declaratory action against a company under circumstances very similar to these., *Fidelity & Casualty Co. of New York v. Texas Eastern Transmission Corp.*, No. CA 3–87–2925–T (N.D.Tex. Mar. 11, 1988) (order denying motion to dismiss). However, because the summary order does not state any of the reasons for the court's ruling, it is of no guidance to this court. A week later, a New Jersey state court dismissed the parallel state action for forum non convenins. Transcript of Judge Meredith's Decision, *Texas Eastern Transmission Corp. v. Fidelity & Casualty Co. of New York*, No. WO30685–87 (N.J.Super.Ct. Law Div. March 17, 1988).

litigation in Delaware state courts, is granted.