**AETNA CASUALTY & SURETY COMPANY, Plaintiff,**

v.

**COMPASS AND ANCHOR CLUB, INC., et al., Defendants.**

**Civ. No. 93–80–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 28, 1993.

Kenneth Edward Labowitz, Young & Goldman, Alexandria, VA, for plaintiff.

Annette LaCroix Jones, Law Offices of William O.P. Snead, III, Fairfax, VA, for Compass and Anchor Club, Inc. and Knights of Columbus Good Samaritan Council 6175.

Peter S. Everett, Blankingship & Keith, Fairfax, VA, for Matthew John McCormack and Patricia A. McCormack.

## ORDER

ELLIS, District Judge.

This case arises in connection with personal injuries suffered by a minor, Matthew McCormack, as a result of an incident occurring on the premises of defendant Compass and Anchor Club, Inc. McCormack filed suit against defendants in this case in the Circuit Court for Fairfax County, Virginia. Aetna Casualty & Surety Company ("Aetna" or the "insurer"), defendants' insurer, is currently defending the state court action under a reservation of rights. Aetna has instituted the instant action in federal court for a declaratory judgment concerning whether Aetna owes a duty to defend and/or indemnify defendants in connection with the personal injury suit. Aetna argues that it owes no such duties to defendants because defendants allegedly did not comply with the notice requirements contained in their liability insurance policy. The case is presently before the Court on defendants' motion to dismiss.

Defendants do not dispute that this court has jurisdiction, because of the diversity of the parties, to hear this action. *See* 28 U.S.C. 1332(a). Instead, defendants correctly point out that this Court's decision to exercise jurisdiction is discretionary under the Declaratory Judgment Act, 28 U.S.C. § 2201 (*see Brillhart v. Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)), and that certain concerns present in the instant case counsel against the exercise of jurisdiction.

The situation presented here is not novel. In its recent decision in *Mitcheson v. Harris,* 955 F.2d 235 (4th Cir.1992), the Fourth Circuit noted that the issue of whether a district court should decline to entertain an insurer's declaratory action concerning its obligations in a pending state action "has been [an issue] of recurrent difficulty." *Id.* at 236. The decision in *Mitcheson,* reversing a district court's decision to exercise jurisdiction, outlined two distinct concerns that a district court should weigh before entertaining such an action. First, the federal court should consider the state's interest in having questions of state law decided in state court. The principle of federalism upon which our judicial system rests requires that federal judges carefully respect the province of the state courts. While this concern is outweighed in ordinary diversity cases by the federal courts' general obligation to exercise the jurisdiction vested in them by Congress, the concern assumes a relatively greater significance in the declaratory judgment context, where Congress has explicitly made the federal courts' jurisdiction discretionary. *Id.* at 237–38. In this case, as in *Mitcheson,* this first concern is of substantial importance, because all legal questions relevant to Aetna's argument on notice are exclusively matters of state law.

The second concern articulated by the *Mitcheson* decision is the interest in favor of "resolving all litigation stemming from a single controversy in a single court system." *Id.* at 239. This interest, as explained in the *Mitcheson* decision, has two subparts. First, there is a "basic efficiency" inherent in having only one court familiarize itself with the pertinent issues and make all the rulings relevant to disposition of the controversy. *Id.* Second, there is a potential that certain issues of fact or law may be common to both the federal declaratory action and the underlying state action. As a result, a possibility exists that issues decided in one forum may have certain intended or unintended preclusive effects in the other forum. *Id.*

In *Mitcheson,* both of these factors played a role. In addition to "basic efficiency" concerns, the *Mitcheson* court found that the nature of the insurer's argument in the federal declaratory action made it certain that factual issues relevant to the underlying

state claim would have to be decided by the federal court. As a consequence, the court held that the district court erred in entertaining the action for declaratory judgment. In this respect, the present case is not precisely on all fours with the *Mitcheson* decision. As Aetna points out, resolution of the notice issue in this case will not involve any of the same issues necessary to resolution of the pending state tort claim. Accordingly, there is no danger of issue preclusion arising from a declaratory ruling by this Court. This distinction warrants disposing of the instant case somewhat differently from the manner in which the *Mitcheson* case was resolved.

While there is no persuasive reason why resolution of Aetna's duty of indemnification need be undertaken prior to resolution of the case on the merits, Aetna does have a strong interest in a speedy resolution of the duty to defend issue. It is entirely possible that the indemnification issue will be mooted by a finding of no liability in the underlying tort action. More importantly, the parties' status *vis a vis* each other with respect to indemnification will not change pending resolution of the underlying claim, and thus neither party is harmed by deferring resolution of the indemnification issue. Deferral of the duty to defend issue, by contrast, works to the detriment of Aetna. Pending resolution of the Aetna's duty to defend, Aetna must expend resources to defend the underlying claim. If the duty to defend issue is deferred until after the resolution of the state claim, and Aetna ultimately prevails on the duty to defend issue, Aetna will have expended funds it may not be able to recover. Accordingly, Aetna has an understandable interest in a prompt determination of the scope of its duty to defend.

Aetna's interest in obtaining resolution of the duty to defend question is not necessarily irreconcilable with the concerns expressed in the *Mitcheson* decision. At least in theory, Aetna can obtain a declaratory judgment from the state court where the underlying action is already pending. *See* Virginia Code

§ 8.01–184. Aetna has made no argument that the declaratory relief it seeks is unavailable in state court. Accordingly, this Court will hold in abeyance defendants' motion to dismiss the declaratory action, to allow plaintiffs time to seek declaratory judgment on the duty to defend issue in state court.[1] This result properly balances Aetna's interest in prompt resolution of the matter with the interests of federalism and efficiency inherent in providing the state court the opportunity to address the issue. Within two weeks from the date of the hearing on this motion, plaintiff is to report to the Court on whether the matter will be accorded reasonably expeditious consideration by the state court.[2] Should the state court decline to accept jurisdiction, then this court will reconsider whether to exercise its jurisdiction over the matter. Otherwise this declaratory action will be dismissed in accordance with defendants' motion.

Nothing in this Order should be construed as expressing any view as to whether, or the manner in which, the state court should exercise its jurisdiction in this matter.

---

1. Of course, given the relatedness of the issues, a state court may also choose to dispose of the indemnification question contemporaneously with the duty to defend question.

2. Plaintiff may petition this Court for an extension of time, if needed.