896 F.Supp. 782 (1995)
RESOURCE ASSET MANAGEMENT, INC., Plaintiff,
v.
CONTINENTAL STOCK TRANSFER & TRUST COMPANY, Defendant.
No. 95 C 0373.
United States District Court, N.D. Illinois, Eastern Division.
August 18, 1995.
*783 Jeffrey H. Hornstein, Pia Norman, Rachel Ellen Lutner, Holleb & Coff, Chicago, IL, for plaintiff.
Andrew Dash, Berlack, Israels & Liberman, New York City, Arnold A. Pagniucci, James A. Rolfes, Sachnoff & Weaver, Ltd., Chicago, IL, for defendant.

MEMORANDUM OPINION AND ORDER
ALESIA, District Judge.
Plaintiff, Resource Asset Management, Inc. ("RAM"), filed an action in this court seeking a declaratory judgment against the defendant, Continental Stock Transfer & Trust Co. ("Continental"), that RAM has the contractual right to continue to service a portfolio of mortgages under an Indenture and Servicing Agreement ("Indenture") and to receive compensation for these services. Continental, along with another party, subsequently filed a more broad-sweeping lawsuit against RAM and nine other defendants in the United States District Court for the Southern District of New York also seeking a declaratory judgment with respect to the Indenture and damages under eight federal and state law claims. Three of the ten counts in that lawsuit have since been transferred to this district and assigned to Judge Bucklo.
Before this court, RAM has filed a motion to enjoin Continental from prosecuting a duplicative federal action (i.e., the New York action) and to designate defendant's fourth affirmative defense (to the complaint filed in this court) as a counterclaim. Continental, meanwhile, has filed a cross-motion for an order dismissing or staying the action here, pending resolution of the New York action. For the reasons set forth below, Continental's cross-motion to dismiss is granted. RAM's motion to enjoin Continental from prosecuting a duplicative federal action and Continental's cross-motion to stay the action are denied as moot.

FACTS
This action arose from the sale of $126 million of debentures by National Housing Exchange Inc. ("NHE") to National Heritage Life Insurance Co. ("National Heritage"). The debentures are collateralized by mortgage loans and are governed by the terms of an Indenture and Servicing Agreement ("Indenture") dated December 28, 1993. The parties to the Indenture were NHE, the issuer, APX Mortgage Services, Inc. ("APX"), the servicer of the mortgages, and Continental, the trustee for National Heritage. *784 RAM entered this picture when, in late 1994, it contracted with Midwest Mortgage Service, L.L.C., the successor to the mortgage banking business of APX, to perform the servicing functions under the Indenture.
On May 25, 1995, National Heritage was placed in receivership by an order of rehabilitation entered by the Delaware Chancery Court. Under the Delaware Insurance Code and the terms of the order of rehabilitation, the Insurance Commissioner of the State of Delaware is empowered to obtain control over the assets of National Heritage. The debentures and their collateral represent the bulk of the assets. The complaint filed in New York is the Commissioner and Continental's attempt to recover those assets.
In that complaint, Continental and the Commissioner allege that the sale of the debentures was the result of fraud by the defendants, NHE, APX, and their respective control persons. Specifically, they allege that these defendants grossly misrepresented the status and character of the underlying mortgage, resulting in an under-collaterization of the debentures. Furthermore, they allege that NHE and APX breached various representations made and defaulted on numerous obligations under the Indenture. Continental contends that they gave NHE and APX notice of these breaches, that NHE and APX never cured these breaches, and thus that Continental could and did terminate all of the rights of NHE and APX under the Indenture. As a result, Continental asserts that APX lost all servicing rights and that Continental then had the right to transfer these rights to any company it might choose.
The complaint filed in New York is split into two parts. In Counts I and II, the Commissioner and Continental seek declaratory relief with respect to the Indenture. Specifically, they seek: (1) judicial confirmation that all rights of NHE and APX under the Indenture and with respect to the mortgages have been duly terminated in accordance with the Indenture; (2) a declaration that Continental has the legal rights to, and is directed to, convey to the Commissioner unencumbered ownership of the mortgages; (3) a declaration that RAM has no rights to act as sub-servicer of the mortgages; and (4) an accounting by APX and RAM of all monies paid by or received from, obligees of the mortgages. In the second part of the complaint, the Commissioner alone asserts eight claims for damages against NHE, APX, RAM, and the individual defendants under federal securities laws and under state common law.
Six weeks before the New York action was filed, RAM filed a complaint against Continental in this court seeking a declaratory judgment that it has the right to service the mortgages under the Indenture and to be compensated therefor. After RAM and Continental filed the motions now before this court, Judge Baer of the Southern District of New York issued an order ruling on a motion by NHE, RAM, and one of the control persons, Jan Starr, to transfer the action to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a). The motion was granted in part and denied in part. Judge Baer transferred Counts I, II, and V to this district. He transferred Counts I and II to this district because, under FED.R.CIV.P. 13(a), they were compulsory counterclaims to RAM's complaint before this court. He transferred Count V's conversion claim against RAM because that claim had little relation to New York since RAM was not involved in the fraud which took place in issuing the securities in New York. The motion to transfer the rest of the counts was denied following an analysis of the relevant § 1404(a) considerations and a conclusion that New York was the proper forum to decide these claims. The transferred counts have since been assigned to Judge Bucklo in this district.

DISCUSSION
A federal court has discretion to decline to hear a declaratory judgment action, even though it is within its jurisdiction. Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942); Tempco Elec. Heater Corp. v. Omega Engineering, 819 F.2d 746, 747 (7th Cir.1987); International Harvester Co. v. Deere & Co., 623 F.2d 1207, 1217 (7th *785 Cir.1980); Tamari v. Bache & Co., 565 F.2d 1194, 1199 (7th Cir.1977), cert. denied, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978). The purpose of a declaratory judgment action is to "clarify[] and settl[e] the legal relations at issue" and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Tempco, 819 F.2d at 749 (citing Borchard, Declaratory Judgments 299 (2d ed. 1941)). With that in mind, this court must resolve whether it is proper for the court in this case to decline to hear the action.
There are now two cases in this district before Judge Bucklo and this court that address the same dispute. The case in this court is a single declaratory judgment action between RAM and Continental. The case before Judge Bucklo, 95 C 4243, meanwhile, is made up of the three counts transferred from New York. As stated above, these counts include a broad-sweeping declaratory judgment action involving not only RAM and Continental but also NHE, APX, and the Commissioner. Certainly, it is only necessary that one action continue; furthermore, given that the case filed in this court is only one small part of the much larger action filed in New York (since transferred to this district) and will be decided as part of it, this court feels compelled to dismiss the action now before it.
In its filings with the court, RAM has continually argued that this is a discrete dispute between Continental and RAM that can be resolved without the necessity of additional parties. The court disagrees and recognizes, however, that RAM's argument was made in furtherance of its motion to keep the action in this forum. Since the transferred counts are now before Judge Bucklo, there is no question it will be decided in this district, and thus no prejudice to RAM no matter who decides it.
Nonetheless, RAM is mistaken when it frames this case as a discrete dispute between itself and Continental. Among the issues that must be decided in order to resolve the declaratory judgment include the following: (1) whether the sale of the debentures was the result of fraud by NHE, APX, and their respective controlling persons; (2) whether APX was properly performing its obligations as servicer under the Indenture or was in material breach of the covenants and agreements made in the Indenture; (3) whether NHE breached the Indenture; (4) whether Continental properly terminated all rights of NHE and APX under the Indenture and with respect to the mortgages; and (5) whether Midwest Mortgage Servicing, L.L.C. effectively succeeded to the mortgage banking business of APX. If any one of these issues happens to go against the interests of RAM, RAM would have no right to continue sub-servicing the mortgages. Thus, it is surprising to the court why these other parties were not brought into the case filed here.
Consequently, this court feels compelled to dismiss the action filed in this court and allow the dispute between RAM and Continental to be resolved as part of the much larger action before Judge Bucklo. In that way, all of the relevant participants to the dispute are named as parties and represented by counsel. Furthermore, the chance for conflicting rulings will be avoided, and the burden of discovery will be eased since all of the parties are before one court. Therefore, Continental's cross-motion to dismiss the action in this case is granted. RAM's motion to enjoin Continental from prosecuting a duplicative federal action and Continental's cross-motion to stay the action are denied as moot. This case is dismissed without prejudice.

CONCLUSION
Continental's cross-motion to dismiss is granted. RAM's motion to enjoin defendant from prosecuting a duplicative federal action and to designate defendant's fourth affirmative defense as a counterclaim is denied as moot. Continental's cross-motion to stay this action is denied as moot. This case is dismissed without prejudice.