**OXY USA, INC., Plaintiff,**

v.

**OIL, CHEMICAL, AND ATOMIC WORKERS INTERNATIONAL UNION, Defendant.**

**Civil Action No. 95–2276–KHV.**

United States District Court, D. Kansas.

Feb. 26, 1996.

---

Heather Suzanne Woodson, Mark D. Hinderks, Stinson, Mag & Fizzell, P.C., Overland Park, KS, Thomas P. Gies, Ellen M. Dwyer, Glenn D. Grant, Crowell & Moring, Washington, DC, for plaintiff.

Curtis G. Barnhill, Blake & Uhlig, P.A., Kansas City, KS, for defendant.

### *MEMORANDUM AND ORDER*

VRATIL, District Judge.

This matter is before the Court on *Plaintiff OXY USA Inc.'s Motion For Summary Judgment* (Doc. # 9) filed August 8, 1995, and *Defendant's Motion To Dismiss Or, Alternatively, To Stay* (Doc. # 16) filed August 30, 1995. Plaintiff OXY USA Inc. ("OXY") seeks a declaration from this Court that its collective bargaining agreement proposal does not violate Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186. Defendant Oil, Chemical, and Atomic Workers International Union ("OCAW") seeks a dismissal or stay based on the contention that the jurisdiction of the National Labor Relations Board ("NLRB") preempts this Court's jurisdiction.

### STANDARD OF REVIEW FOR DECLARATORY JUDGMENT

Pursuant to the Declaratory Judgment Act ("DJA"), this Court "[i]n a case of actual controversy within its jurisdiction ... upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. Although the district court has jurisdiction under the DJA, it retains discretion to refuse to exercise that jurisdiction and to decline to hear the action. *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The district court's exercise of jurisdiction is governed by a "clear abuse of discretion" standard. *Norvell v. Sangre de Cristo Development Co.,* 519 F.2d 370, 378 (10th Cir.1975). In its discretion, the court may properly refuse declarative relief if the alternative remedy is better or more effective. Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 2758 (1983).

### FACTS

On January 31, 1994, the most recent collective bargaining agreement between OXY and OCAW, covering OXY's Kansas employees, expired. On October 21, 1994, negotiations for a new plan reached an impasse over OXY's proposal that OCAW serve as the sponsor of the health care plan covering OXY's represented hourly employees in Kansas.

OCAW asserts that OXY's demand violated LMRA § 302. On November 2, 1994, OCAW filed an unfair labor practice charge with the NLRB alleging, among other things, that OXY's insistence on the proposal to the point of impasse constituted unlawful bargaining.

On May 23, 1995, the NLRB issued a Complaint against OXY alleging that it had violated Sections 8(a)(1) and (5) of the National Labor Relations Act ("NLRA") by insisting to impasse over an illegal subject, i.e. demanding a violation of LMRA § 302. The NLRB complaint was scheduled for hearing in January, 1996. On June 19, 1995, OXY instituted this suit, asking the Court to declare that its proposal does not violate LMRA § 302. Subsequently, on August 8, 1995, OXY moved for summary judgment. On August 30, 1995, OCAW moved for dismissal or, alternatively, a stay of the pending action.

## DEFENDANT'S MOTION TO DISMISS OR STAY

■ Defendant points out that the only disputed issue in this Court is whether plaintiff's proposal in collective bargaining is facially valid under LMRA § 302. Because the NLRB must also specifically address this issue when deliberating the unfair labor practice complaint against OXY, defendant argues that this Court should defer to the primary jurisdiction and expertise of the NLRB.

In support of its position, defendant submits *American Commercial Barge Lines Co. v. Seafarers International Union,* 730 F.2d 327 (5th Cir.1984), which invoked the primary jurisdiction doctrine to stay an action in district court for injunctive relief where the NLRB had taken jurisdiction over the controversy in unfair labor practice proceedings and its decision as to the facial validity of trusts under LMRA § 302 could possibly dispose of the claim.

The Supreme Court has also recognized the doctrine of primary jurisdiction and applied it to NLRB actions when it stated:

When an activity is arguably subject to § 7 or § 8 of the [National Labor Relations] Act, the States *as well as the federal courts* must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.

*San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 780, 3 L.Ed.2d 775 (1959) (emphasis added).

■ The Supreme Court allows exceptions to the primary jurisdiction or *Garmon* doctrine. For example, a federal court must determine whether a contract violates federal law before enforcing it. *Kaiser Steel Corp. v.*

*Mullins,* 455 U.S. 72, 83, 102 S.Ct. 851, 859, 70 L.Ed.2d 833 (1982). There is no equivalent exception in the present case because there is no existing contract to be enforced.

Plaintiff points to cases where claims brought under LRMA § 301 or § 303 [1] were not preempted by NRLB jurisdiction. Those courts found that Congress specifically created statutory exceptions to the exclusive jurisdiction of the NLRB for §§ 301 and 303. *Vaca v. Sipes,* 386 U.S. 171, 179–80, 87 S.Ct. 903, 911, 17 L.Ed.2d 842 (1967); *Butchers' Union, Local No. 498 v. SDC Inv., Inc.,* 631 F.Supp. 1001, 1006 (E.D.Cal.1986).

In contrast, this Court's jurisdiction derives directly from LMRA § 302(e). The statutory language granting jurisdiction over § 301 and § 303 is distinct and different than the language which grants jurisdiction over § 302.[2] Therefore, the §§ 301 and 303 cases are simply not relevant to the present § 302 case.

Plaintiff cites *Oil Workers Local 1–1978 v. Standard Oil Co.,* 112 L.R.R.M. (BNA) 2108, 1982 WL 2044 (W.D.Wash.1982), where the district court found jurisdiction to hear the LMRA § 302 claim notwithstanding the availability of a remedy under NLRA § 8(a)(2). In that case, unlike the case at bar, plaintiff sought to restrain a violation of § 302. That court retained jurisdiction in order to determine if the conduct violated § 302. In contrast, in this case, plaintiff does not seek to restrain a violation of § 302. Plaintiff simply requests a declaratory judgment regarding the legality of a contract proposal. Because § 302 only provides district courts with jurisdiction to "restrain violations," this case is distinguishable.

Plaintiff cites *BASF Wyandotte Corp. v. Local 227, Int'l Chem. Workers Union,* 791 F.2d 1046 (2d Cir.1986), where the district

---

1. LMRA § 301 provides: (a) Suits for violation of contracts between an employer and a labor organization ... may be brought in any district court of the United States having jurisdiction of the parties ... (c) For ... actions ... by or against labor organizations ... district courts shall be deemed to have jurisdiction of a labor organization [in districts where the organization's principal office is maintained or where its agents are engaged in representing members]. 29 U.S.C. § 185(a), (c).

LMRA § 303 provides: (a) It shall be unlawful ... to engage in ... an unfair labor practice ... (b) Whoever shall be injured in ... violation of (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title. 29 U.S.C. § 187.

2. LMRA § 302 provides: (e) The district courts of the United States ... shall have jurisdiction, for cause shown, ... to restrain violations of this section. 29 U.S.C. § 186(e).

court retained jurisdiction over a declaratory judgment action involving interpretation of LMRA § 302 despite pending labor proceedings involving the same issue. In that case, however, the Administrative Law Judge noted (in 1982) that he had no jurisdiction to determine the LMRA § 302 issue which the defendant had raised as a defense to the unfair labor practice charges. *Id.* at 1047. Therefore, that district court had no overlap in jurisdiction with the NLRB. In contrast, the NLRB has already assumed jurisdiction and expressed a willingness to determine the § 302 issue in the present case. In fact, the NLRB complaint cannot proceed unless either the NLRB or this Court decides the § 302 issue. Therefore, this Court's jurisdiction overlaps with the jurisdiction of the NLRB.

Despite plaintiff's protest to the contrary, the NLRB has the experience and expertise to decide this issue. As both plaintiff and defendant acknowledge, the NLRB has been exercising jurisdiction over § 302 claims since 1985. Further, the plaintiff "does not quarrel with the assertion that the Board has the authority to consider Section 302 issues in the context of unfair labor practice proceedings." *Plaintiff's Opposition* at 4–5 n. 4.

In 1985, in *BASF Wyandotte Corp. v. Oil, Chemical and Atomic Workers,* 274 NLRB N. 147; 119 L.R.R.M. 1035, 1037, 1985 WL 45837 (1985); *enforced* 798 F.2d 849 (5th Cir.1986), the NLRB stated:

> [A]s it is part of the LMRA, the subject matter of Section 302 is not so remote from matters dealt with by the Board that it is beyond the Board's competence to interpret.

Plaintiff's argument that this Court should not abdicate its jurisdiction and defer to the NLRB simply because OCAW engaged in "a race to the courthouse" is flawed. The unfair labor practice charge is not currently within the jurisdiction of this Court. Regardless of this Court's determination of the § 302 issue, the NLRB must still address the unfair labor practice charge. After the NLRB makes a determination, a dissatisfied party may appeal to a circuit court of appeals under 29 U.S.C. § 160(f). Therefore, this Court can only be an unnecessary extra step in the process.

This Court finds that the NLRB has primary jurisdiction over the issue raised by the plaintiff. Although this action could be stayed until the NLRB determination is complete, this Court finds no reason to do so. Therefore, deferring to the primary jurisdiction of the NLRB and finding no reason to retain jurisdiction, this Court dismisses this action. Plaintiff's motion for summary judgment is therefore denied as moot.

**IT IS THEREFORE ORDERED** that *Defendant's Motion To Dismiss Or, Alternatively, To Stay* (Doc. # 16), filed August 30, 1995, should be and hereby is sustained.

**IT IS FURTHER ORDERED** that *Plaintiff OXY USA Inc.'s Motion For Summary Judgment* (Doc. # 9), filed August 8, 1995, should be and hereby is overruled.