**CAMERON & BARKLEY CO., Plaintiff,**

v.

**FABREEKA INTERNATIONAL, INC., Defendant.**

No. 5:01–CV–18–1 (DF).

United States District Court, M.D. Georgia, Macon Division.

May 2, 2001.

Michael S. French, David M. Pernini, Samuel R. Arden, Atlanta, GA, for Plaintiff.

Robert Davis McCallum, Jr., Alston & Bird, Christopher Allen Riley, Atlanta, GA, for Defendants.

### ORDER

FITZPATRICK, District Judge.

This case is an action for declaratory relief arising from a business relationship

---

between Plaintiff and Defendant. In 1995, Plaintiff began acting as a supplier of belting products to Brown & Williamson Tobacco Corporation. In that role, Plaintiff solicited price quotations from several manufacturers, including Defendant, and subsequently began submitting separate purchase orders to Defendant for belting products at the prices quoted by Defendant. Defendant shipped the products directly to B & W's facility in Macon, Georgia, and sent separate invoices to Plaintiff for each purchase order. In late 1997 or early 1998, Defendant increased its prices for these products, and Plaintiff began to experience a declining level of service from Defendant. In an attempt to reduce the costs of the materials that it supplied to B & W, Plaintiff again solicited proposals from manufacturers of belting products, including Defendant. This time, however, Plaintiff decided that it would be more cost-effective to purchase belting products from another manufacturer. Thus, on August 31, 2000, Plaintiff notified Defendant that it would no longer purchase certain belting products. Since then, Defendant has threatened legal action against Plaintiff on the grounds that (1) Plaintiff breached a contract to use Defendant as the exclusive provider of belting products for B & W, (2) Plaintiff did not act in good faith, and (3) Plaintiff made fraudulent representations to Defendant. Defendant claims that Plaintiff's actions have caused it to lose profits and to accumulate approximately $350,000 in inventory, which cannot be sold to a third party.

Plaintiff filed its complaint for declaratory relief on January 9, 2001, seeking a declaration that

(1) No contractual relationship currently exists between Cambar and Fabreeka;

(2) Cambar has satisfied all obligations to Fabreeka for past purchases made by Cambar from Fabreeka and has never breached any of these spot contracts; (3) Fabreeka was never contractually bound to maintain any level of inventory; and (4) Cambar never agreed to be responsible for any inventory maintained by Fabreeka.

Defendant responded on February 26, 2001, by filing a motion to dismiss under Rule 12(b)(6). In its motion, Defendant argues that the Court should exercise its discretion to decline jurisdiction over Plaintiff's complaint for declaratory relief because (1) it deprives Defendant of its right to choose the forum and time to bring its claims; (2) it will not prevent the accrual of damages; (3) it simply raises what would be an affirmative defense to a complaint filed by Defendant; and (4) it punishes Defendant for seeking a settlement of the dispute without resorting to unnecessary litigation.

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.A. § 2201(a) (West 1994). As this permissive language indicates, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and

wise judicial administration." *Id.* at 288, 115 S.Ct. 2137. For example, these considerations ordinarily indicate that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). In this case, however, there are no parallel proceedings pending in state court. As the Eleventh Circuit recently held, "It is an abuse of discretion ... to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist." *Federal Reserve Bank of Atlanta v. Thomas,* 220 F.3d 1235, 1247 (11th Cir.2000). Considering the circumstances surrounding this case, neither practicality nor wise judicial administration suggests that the Court should not exercise jurisdiction over Plaintiff's complaint for declaratory relief.

The main thrust of Defendant's motion appears to be that Plaintiff has engaged in some sort of inappropriate litigation tactic by filing this action because Fabreeka is the "natural" plaintiff and C & B is the "natural" defendant. However, the Eleventh Circuit has recognized that "[d]eclaratory judgment actions are routinely used by potential litigants to anticipate each others' claims." *See id.* at 1246 n. 11. Thus, filing a complaint for declaratory relief before the other party can file its own complaint is not necessarily inappropriate. Indeed, it may even be a wise strategy. According to a well-respected treatise, the Declaratory Judgment Act "relieves potential defendants 'from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure—or never.'" 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2751, at 457 (3d ed.1998) (quoting *Japan Gas Lighter Ass'n v. Ronson Corp.,* 257 F.Supp. 219, 237 (D.N.J.1966)). Here, because there existed a threat of legal action, it was proper for Plaintiff to file its complaint for declaratory relief. As the Eleventh Circuit has held, "[T]he Declaratory Judgment Act and Rule 57 should be liberally construed to achieve the objectives of the declaratory remedy. Those objectives include affording one threatened with liability, but otherwise without a satisfactory remedy, an early adjudication of an actual controversy ...." *McDougald v. Jenson,* 786 F.2d 1465, 1481 (11th Cir. 1986) (citation omitted). Defendant cannot be heard to complain simply because it made the strategic decision to postpone filing its own complaint.

For the foregoing reasons, Defendant's motion is **DENIED**.