**HOMESTEAD INSURANCE COMPA-NY, INC., Plaintiff—Appellant,**

v.

**The CASDEN COMPANY, Defendant—Appellee.**

**The Casden Company, Plaintiff—Appellee,**

v.

**Homestead Insurance, a Pennsylvania Corporation, Defendant—Appellant.**

Nos. 02–55618, 02–55868.

D.C. Nos. CV–01–11021–MLR, CV–02–00623–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 3, 2003.

Decided Feb. 24, 2003.

Before D.W. NELSON, WARDLAW and FISHER, Circuit Judges.

### MEMORANDUM *

The district court improperly abstained from exercising jurisdiction over Casden's damages action against Homestead and Homestead's declaratory judgment action against Casden. We decline to reach the merits of Homestead's constitutional claims because there are factual questions that remain unresolved. Accordingly, we REVERSE the district court's orders of abstention in these actions and REMAND for further proceedings.

■ A federal court may not dismiss a damages action or remand it to state court based on abstention. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). The district court therefore had no discretion to remand Casden's damages action on abstention grounds.

We do not reach the question whether the district court's remand to state court was proper on the alternative ground that the court lacked subject matter jurisdiction due to the presence of non-diverse parties. More specifically, we leave it to the district court to decide in the first instance whether the non-diverse defendants, Associated International Insurance Co. and Western Reinsurance Brokers, were fraudulently joined.

■ The district court also improperly dismissed Homestead's declaratory judgment action without stating its reasons for abstaining. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225–26 (9th Cir. 1998) (en banc) (so holding and identifying considerations relevant to abstention). We reverse the dismissal and remand to the district court so that it may reconsider its decision. The district court should also defer its ruling on abstention until it has determined whether it has subject matter jurisdiction over Casden's damages action and thus whether it has a basis for remanding that action to state court. If the Casden damages action is not remanded to state court for lack of subject matter jurisdiction, we can see no reason why the district court should abstain from Homestead's declaratory judgment action against Casden. *See Md. Cas. Co. v. Knight*, 96 F.3d 1284, 1289 (9th Cir.1996) (noting that "[c]ases ... in which there are no parallel state court proceedings ... lie at the outer boundaries of the district court's discretion under the Declaratory Judgment Act" (internal quotation marks and citations omitted)). Under such a scenario, the district court would have to reach Homestead's constitutional claims in any event as defenses to Casden's and Sherman Way's damages actions, and thus abstaining from the declaratory judgment action would result in piecemeal litigation. *See id.* If the district court again decides to abstain, it must "record its reasoning in a manner sufficient to permit the proper application of the abuse of discretion standard on appellate review." *Dizol*, 133 F.3d at 1225.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This panel shall retain jurisdiction over any further appeal in this matter.

**REVERSED AND REMANDED.**