**HOMESTEAD INSURANCE COMPANY, INC., Plaintiff—Appellant,**

v.

**THE CASDEN COMPANY, Defendant—Appellee.**

No. 03–56220.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided May 24, 2004.

Howard Wollitz, Esq., Allan J. Favish, Esq., Charlston, Revich and Chamberlin, LLP, Los Angeles, CA, for Plaintiff–Appellant.

James B. Kropff, Esq., Christian J. Garris, Alfredo Torrijos, Kabateck & Garris, Los Angeles, CA, for Defendant–Appellee.

Before RYMER and GRABER, Circuit Judges, and MOLLOY,* Chief District Judge.

### MEMORANDUM **

Homestead Insurance Co., Inc. appeals the district court's order abstaining from exercising jurisdiction over its action for declaratory relief against The Casden Company and dismissing it. We reverse the order dismissing the action, and remand for the court to reconsider its decision and to record its reasoning.

■ On Homestead's prior appeal from orders of abstention in Casden's damages action as well as Homestead's declaratory relief action, we held: "If the district court again decides to abstain, it must 'record its reasoning in a manner sufficient to permit the proper application of the abuse of discretion standard on appellate review.'" *Homestead Ins. Co., Inc. v. Casden Co.*, 60 Fed.Appx. 25, No. 0255618, slip op. at 3–4 (9th Cir. Feb. 24, 2003) (citing *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.1998) (en banc)). The district court did decide to abstain on remand, but its order simply recites the factors recognized in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and finds that applying them weighs in favor of abstention. This is a statement of the applicable legal principles, but not of reasoning. We cannot tell why the district court believed that the record in this case satisfies the *Brillhart* factors. Not only does this fall short of complying with our mandate, but it leaves us without any basis for determining how (or whether) the court exercised its discretion.

■ We have the same difficulty with the district court's decision to dismiss, rather than to stay, the action. Assuming there was discretion to abstain, the court still had to make an informed judgment about the most appropriate disposition. As the Supreme Court counseled in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n. 2, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), "[w]e note that where the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." The court's order offers no insight into whether its judgment was soundly exercised.

Accordingly, we again reverse and remand for the court to consider anew whether abstention is advisable, and if so, whether the preferable course is to stay instead of dismiss the action. In any case, a statement of reasons tied to the record as it now appears must be given.

**REVERSED AND REMANDED.**

---

* The Honorable Donald W. Molloy, Chief District Judge, United States District Court for the District of Montana, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.