**CAROLINA CASUALTY INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**BOLLING WALTER AND GAW-THROP, a California Professional Corporation; Theodore D. Bolling, Jr., a California resident, Defendants–Appellants.**

No. 05–16193.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 19, 2007.

Filed May 22, 2007.

Chad B. Wootton, Esq., Charlston, Revich and Chamberlin, LLP, Los Angeles, CA, for Plaintiff–Appellee.

T.D. Bolling, Jr., Bolling, Walter & Gawthrop, Sacramento, CA, for Defendants–Appellants.

Before: SCHROEDER, Chief Circuit Judge, TROTT and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

The law firm Bolling Walter & Gawthrop and Theodore D. Bolling, Jr. ("Appellants") appeal the district court's grant of summary judgment to the Carolina Casualty Insurance Company ("Carolina") in Carolina's declaratory judgment action. We affirm. Because the facts are known to the parties, we do not review them here.

■ We reject Appellants' argument that this controversy is not ripe. Whether Carolina has the right to control the defense of a pending legal malpractice claim against Appellants that Appellants contend

is covered by their insurance policy is "a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Hillblom v. United States,* 896 F.2d 426, 430 (9th Cir.1990) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)).

■ The district court did not abuse its discretion in holding that the *Brillhart* factors weighed in favor of entertaining Carolina's first claim for declaratory relief. *See Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225–26 (1998) (en banc) (discussing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) and its progeny). Carolina's action was not duplicative for there was no pending litigation between these parties or regarding the policy's coverage.

■ The district court also did not abuse its discretion by failing to articulate its reasons for declining to entertain Carolina's second, alternative claim for relief. *See id.* at 1225 (holding that, in deciding whether to entertain a declaratory action, "if a party properly raises the issue in the district court, the district court must make a sufficient record of its reasoning to enable appropriate appellate review"). The district court did not decline to entertain the alternative claim within the meaning of *Dizol;* rather, the court did not reach the alternative claim because the court granted summary judgment to Carolina on Carolina's primary claim.

■ We affirm the district court on the merits. Citing only *Estate of Bodger,* 128 Cal.App.2d 710, 276 P.2d 83 (1954), Appellants argue that a person cannot be compelled to accept representation against his or her will. Unlike in *Bodger,* however, no

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

court has appointed counsel for Appellants. As the district court correctly determined, the question presented is one of California contract law. Appellants have not identified any fault with the district court's interpretation of the policy.

 The district court did not abuse its discretion in refusing to stay the proceedings pending the resolution of the underlying state-court malpractice action. As Appellants concede, their reasons for seeking a stay pertained only to Carolina's alternative claim for relief, which the district court did not reach.

**AFFIRMED.**