**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ARISTEO CANELOS AVILA, an individual, | No. 12-56938 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02863-AJB-KSC |
| v. | MEMORANDUM[*] |
| CHIQUITA FRESH NORTH AMERICA, LLC, a Delaware limited liability company and successor in interest to Chiquita Frupac, Inc.; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted February 12, 2014
Pasadena, California

Before: PAEZ and NGUYEN, Circuit Judges, and MOTZ, Senior District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable J. Frederick Motz, Senior District Judge for the U.S. District Court for the District of Maryland, sitting by designation.

Plaintiff Aristeo Canelos Avila ("Avila") appeals the district court's order granting Defendant Aristeo Alejandro Canelos Guillen's ("Guillen") motion to dismiss for failure to state a claim and forum non conveniens, and denying Avila's motion for leave to amend. In denying Avila leave to amend, the district court determined that, even if Avila's proposed revisions were successful in curing the deficiencies in the original complaint, the court would decline to exercise jurisdiction under the Declaratory Judgment Act. *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942).

We construe the district court's ruling as a dismissal under *Brillhart*, and conclude that the court properly exercised its discretion in dismissing on this ground. Applying the *Brillhart* factors, the district court determined that it should not assert jurisdiction over Avila's declaratory relief claim because, "[a]t the time that [Avila] filed this Complaint, there was a proceeding pending in Mexico—which is still pending—discussing issues relating directly to this Complaint and involving essentially the same parties." Moreover, "adjudication of Plaintiff's declaratory action could result in duplicative litigation and lead to inconsistent rulings by this Court and the Mexican court."

In light of these circumstances, we conclude that the district court did not abuse its discretion in declining to entertain Avila's claim for declaratory relief.

-2-

We further conclude that, given the interrelated nature of Avila's accounting and equitable indemnity claims and the declaratory relief claim, and the fact that he was willing to dismiss the former two claims in his amended complaint, Avila's accounting and equitable indemnity claims were properly dismissed as well.

The district court did, however, err in dismissing Avila's action "with prejudice." The phrase "dismissal with prejudice" is "synonymous" with "[f]inal judgment on the merits." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). Here, the district court clearly did not intend to finally decide the merits. Instead, it contemplated that Avila would litigate his claims in Mexico. We remand to the district court with directions to correct the dismissal order to reflect that dismissal of the complaint is "without prejudice."

In light of the foregoing, we need not resolve whether the district court erred in granting Guillen's motion to dismiss for failure to state a claim and forum non conveniens.

**AFFIRMED in part and REMANDED with instructions**.